June Term, 1860.

DAVIS
v.
BARRON et al.

| 13 | 227 |
| 76 | 342 |
| 13 | 227 |
| 103 | 295 |

### DAVIS vs. BARRON and others.

A indorsed a note made by B, payable to the order of C, which was, after such indorsement, delivered, for value, by B to C. *Held*, that A was liable to C as indorser.

In an action on a promissory note payable at a particular place, an allegation in the complaint that on the day when the note fell due it was duly presented to

June Term,
1860.

DAVIS
v.
BARRON et al.

the maker for payment, and that he did not then, and has not since paid it, or any part of it, and that the indorsers had due notice of the non-payment, is sufficient to show the liability of the indorsers.

APPEAL from the Circuit Court for *La Crosse* County.

Action on promissory notes. The complaint alleges that on, &c., the defendant *Barron* executed several promissory notes, which are particularly described, payable to the order of the plaintiff at the Exchange Bank in La Crosse; that the defendants *Cramer* and *Shepard* indorsed the notes before delivery; that after such indorsement the same were, severally, for value, delivered to the plaintiff; that on the day when they severally fell due they were duly presented to *Barron* for payment, but that he did not then and has not since paid them or any part thereof; and that *Cramer* and *Shepard* had due notice of such non-payment. It also alleges that " the defendants are, and each of them is, indebted to the plaintiff upon the said promissory notes, in the sum of $1,486, with interest," &c. The defendants *Cramer* and *Shepard* demurred to the complaint as not stating facts sufficient to constitute a cause of action against them; and the circuit court made an order sustaining the demurrer, from which the plaintiff appealed.

*Flint & Stogdill*, for appellant:

1. The plaintiff sues as holder of the notes, and the respondents, having indorsed them before delivery to the plaintiff, are liable to him as indorsers. Story on Prom. Notes, §§ 135, 476; *Willis vs. Green*, 10 Wend., 516; *Dean vs. Hall*, 17 id., 214; *Hough vs. Gray*, 19 id., 202; *Seabury vs. Hungerford*, 2 Hill, 80; *Hall vs. Newcomb*, 3 id., 233; S. C. in error, 7 id., 416; *Gilmore vs. Spies*, 1 Barb., 158; S. C., 1 Coms., 321; *Moore vs. Cross*, 23 Barb., 536, 538; *Waterbury vs. Sinclair*, 6 Abbot's R., 20; *Ellis vs. Brown*, (per PRATT, P. J.), 6 Barb., 295. 2. If not liable to the plaintiff as indorsers, they, having indorsed the notes before delivery, are liable as joint and several makers. Story on Pr. Notes, §§ 58, 59, 476, 466–9, 479; 3 Kent, 122; *Leonard vs. Vredenbury*, 8 Johns., 29; *Bailey vs. Freeman*, 11 Johns., 221; *Nelson vs. Dubois*, 13 Johns., 175; *Hough vs. Gray, supra*; *Dean vs. Hall, supra*; *Ketchell vs. Burns*, 24 Wend., 456; *Curtis vs.*

*Brown*, 2 Barb., 51; *Luqueer vs. Prosser*, 1 Hill, 256; S. C., 4 id., 420; *Manrow vs. Durham*, 3 Hill, 584; *Miller vs. Gaston*, 2 Hill, 188; *Hunt vs. Brown*, 5 id., 145; *Partridge vs. Colby*, 19 Barb., 248; 3 Mass., 274; 5 Mass., 358, 545; S. C., 6 Mass., 519; 11 id., 436; *White vs. Howland*, 9 id., 314; 8 Pick., 122, 130, 423; 19 id., 260; 24 id., 64; 4 id., 385; 8 Cush., 154; 7 id., 111; 3 Met., 275; 8 id., 504; 13 Met., 262; S. C., 2 Cush., 310; 32 Maine, 339; 36 id., 264; 13 Ill., 682; 9 Vt., 345; 12 id., 219; 20 id., 355; 11 N. H., 385; 5 Smedes & Marshall, 627; 13 id., 617; 11 Penn. St. R., 482; 4 Conn., 389; 1 Louisiana, 248. 3. The averment of presentment and demand is sufficient. Rev. Stat., 724, sec. 24; N. Y. Code, sec. 162; *Gay vs. Paine*, 5 Howard's Pr. R., 107; Van Santvoord's Pl., 162, 140; *Moore vs. Cross*, 19 N. Y., 227; *Bank vs. Willis*, 8 Met., 504.

*Johnson & Cameron*, for respondents:

1. In order to charge the indorser of a note made payable at a bank, an averment and proof of a demand at the place appointed in the note are indispensable, if the bank itself is not the holder. *U. S. Bank vs. Smith*, 11 Wheat. Rep., 171; *Shaw vs. Reed*, 12 Pick., 132; *Lee Bank vs. Spencer*, 6 Met., 308; Story on Prom. Notes, §§ 227, 230; Chitty on Bills, 172, 173, 8th ed.; *Watkins vs. Crouch*, 5 Leigh, 522; *North Bank vs. Abbot*, 13 Pick., 465; *Woodbridge vs. Brigham*, 13 Mass., 556; *Gibb vs. Mather*, 8 Bing., 214. 2. There is no legal liability on the part of a second indorser of a promissory note, to pay the same to the first indorser, to whose order the note is made payable. *Bradford vs. Martin*, 3 Sandf., 647; *Ellis vs. Brown*, 6 Barb., 282; *Herrick vs. Carman*, 12 Johns., 159; *Herrick vs. Carman*, 10 Johns., 224.

*By the Court*, COLE, J. The question arising upon the demurrer in this case, has already been passed upon by this court, in the case of *Cady vs. Shepard*, decided at the present term [12 Wis., 639]. In that case we held that persons indorsing a promissory note, under the circumstances in which it is alleged that *Cramer* and *Shepard* indorsed the notes mentioned in the complaint, were liable on the same as indorsers. It is very true that there has been very

*June Term, 1860.*

DAVIS
v.
BARRON et al.

January 2.

great diversity of opinion among courts as to the ground upon which parties indorsing commercial paper, before its delivery to the payee, could be held—some authorities considering that they were liable as makers, some that they were liable as guarantors, and some that they were liable only as indorsers; still such parties have almost uniformly been held liable upon some ground. We thought the most reasonable and satisfactory ground upon which the liability of such a party was to be placed, was that of indorser. And although at first view there would appear to be a great inconsistency in holding that a party thus indorsing a promissory note was liable to the payee in the character of indorser simply, still by commercial usage we have no doubt that he must be so held, and that this is the proper construction to be given to the contract. Obviously, a person indorsing a note before delivery thereof to the payee, intends rendering himself liable to the payee in some character and upon some ground. He must intend and design to secure its payment and give credit to the paper by placing his name upon it, even in the hands of the payee. He cannot complain if courts hold him to his contract.

The complaint alleges that the notes were presented to the maker for payment when due, and that payment was refused, and that due notice of the non-payment was given the indorsers. This is sufficient to fix their liability.

The order of the circuit court sustaining the demurrer must, therefore, be reversed, and the cause remanded for further proceedings.