## CADY VS. SHEPARD.

Where a promissory note is indorsed by the payee, and also by another party, the legal inference from the instrument itself, is that the payee is the first indorser.

Parol evidence is admissible to prove the circumstances attending the indorsement by such other party, which may give him the character of a prior indorser in respect to the payee.

A made and delivered to B his promissory note, payable to the order of B, and indorsed in blank by C; said note being given for goods sold and delivered by B to A upon the faith and credit of C's indorsement, which C then agreed to give for that purpose, and which he did give in pursuance of such agreement, with intent to become liable to B in the amount of the note. Demand at maturity, protest for non-payment, and notice to C, were duly made and given. *Held*, that by commercial usage C was liable, as a prior indorser, to B.

The proper mode of pleading in such a case, is to state in the complaint the facts which make the defendant liable in the character of a prior indorser.

ERROR to the Circuit Court for *Milwaukee* County.

This action was brought before a justice of the peace, and came to the circuit court by appeal. The complaint alleged that, on &c., one Swaney made his promissory note, whereby he promised to pay to the order of *Shepard*, [the plaintiff below,] at the Farmers and Millers' Bank, ninety days after date, $34 48, with interest, &c.; that said Swaney, being at that time desirous to purchase of said *Shepard* goods, on credit, to the

amount of $34 48, agreed with *Shepard* to procure said note to be indorsed by *Cady*, [the defendant below,] for the further security of the plaintiff, and accordingly the plaintiff agreed with said Swaney to sell and deliver him said goods upon receiving from said Swaney such note, so indorsed, whereupon the defendant did, at the request of Swaney, indorse said note, with intent to give credit to said Swaney, and to make himself liable, with said Swaney, to the plaintiff for the price of said goods; that the plaintiff sold and delivered said goods to Swaney upon such agreement, and received from him the said note, so indorsed; that said note, when it became due, was duly presented for payment at said bank, and payment thereof refused, whereof the defendant had due notice; and that the plaintiff was the legal owner and holder of said note, &c.

The defendant answered: 1. By a general denial. 2. By an allegation that his name was not indorsed upon said note at the date thereof, nor at the time of the purchase and delivery of the goods mentioned in the complaint, nor till a long time thereafter; wherefore he says that the credit given by the plaintiff to said Swaney "was not by virtue of the name of the defendant being written on the back of said note, but that said credit was given without the knowledge of the defendant." 3. By an allegation "that the complaint does not state facts sufficient to constitute a cause of action against the defendant, for that its whole allegations seem to make the defendant responsible for the agreement and debt of another, without stating the consideration upon which said liability arose, and therefore the defendant says that he is not legally bound to pay said note, or any part thereof, and that he has not agreed to answer to the plaintiff for the debt of said Swaney," &c.

On the trial by the court, a jury being waived, the plaintiff offered in evidence "the promissory note and indorsement specified in the complaint, in connection with other oral evidence, whereupon the defendant objected to the admission of the same in evidence, for the reason that there is no cause of action stated in the complaint, to which said note and indorsement are applicable. The court overruled the

OF THE STATE OF WISCONSIN.

objection, and admitted said note and indorsement in evidence," the defendant excepting.

The finding of the circuit court is stated sufficiently in the opinion of this court.

The defendant moved an arrest of judgment, "for the reason that, upon the pleadings in the case, and upon the whole record thereof, the plaintiff was not entitled to a judgment in his favor;" but the court overruled the motion, the defendant excepting, and judgment was rendered for the plaintiff.

*George W. Lakin*, for plaintiff in error, contended that the name of a person not a party to a note, indorsed upon it, does not render him liable to the payee; that the payee is to be regarded as the first indorser, and the party whose name is so indorsed as a second indorser; that if it is alleged that he intended by such indorsement to be responsible to the payee for payment of the note by the maker, parol evidence of such an intent is not admissible, the statute requiring a written note or memorandum, expressing the consideration. *Heath vs. Van Cott*, 9 Wis., 516; *Taylor vs. Pratt*, 3 id., 674; *Brewster vs. Silence*, 4 Seld., 207; *Brown vs. Curtis*, 2 Coms., 225.

*Smith & Salomon*, for defendant in error, contended that in a case like this the indorser is liable to the payee, and cited 3 Mass., 274; 5 id., 358, 545; 6 id., 519; 7 id., 233; 9 id., 314; 11 id., 436; 4 Pick., 311, 385; 17 id., 244; 19 id., 260; 24 id., 64; 7 Cush., 111; 9 id., 104; 31 Me., 536; 36 id., 147, 265; 3 Met., 275; 5 id., 201; 8 id., 504; 7 Foster, 366; 11 N. H., 385; 6 Vt., 642; 9 id., 345; 12 id., 219; 15 id., 161; 16 id., 554; 17 id., 285; 20 id., 355; 4 Conn., 389; 6 id., 315; Kirby's R., 393; 4 Watts, 448; 11 Penn. St., 460; 1 Spencer (N. J.), 256; 6 Gill (Md.), 181; 7 Gratt. (Va.), 189; 10 Richardson's L. R. (S. C.), 17; 2 McMullan, 313; 3 Ala., 610; 1 La. Ann. R., 248; 9 Texas, 615; 14 id., 275; 2 Cal., 485, 605; 18 Mo., 74, 140; 20 id., 571; 1 Greene (Iowa), 331; 13 Ill., 682; 7 id., 459; 3 Scam., 437; 7 Blackf., 35; 6 Ind., 478; 9 Ohio, 139; 17 id., 42; 3 Ohio St., 415; 2 Mich., 555; and in New York, 12 John., 159, 160; 13 id., 175; 14 id., 349; 17 Wend., 214, 215, 221; 1

Hill, 91; 2 id., 84; 3 id., 233; 7 id., 416–420; 4 Duer, 45; 1 Barb. (S. C.), 158; 10 Barb., 402, '4, '5; 23 id., 534; 26 id., 455; 1 Coms., 321; 16 How. Pr. R., 329; 19 N. Y., 227. Most of the N. E. courts hold such an indorser liable as joint promisor; in some states he is treated as guarantor; and in others as an indorser. In New York he was formerly treated as a guarantor. The true rule probably is that established in the later N. Y. cases, found in the five authorities last above cited, where he is held to be liable to the payee, as indorser, on demand and notice.

November 19.    *By the Court*, COLE, J.    This action is upon a promissory note, made by one George Swaney, payable to the order of the defendant in error, and indorsed in blank by the plaintiff in error. It was proven on the trial, and the circuit court found as facts, that the note was executed by Swaney and indorsed by *Cady*, and afterwards delivered to *Shepard;* that the note was given for goods sold and delivered by *Shepard* to Swaney, upon the faith and credit of *Cady's* indorsement, which *Cady* then agreed to give for this purpose; that *Cady* executed the indorsement in pursuance of this agreement, with intent to become liable to *Shepard* in the amount of the note, and to give credit on the same; and that *Shepard* was the owner and holder of the note. It was also admitted upon the trial that due demand of payment of the note had been made at its maturity, and that it was duly protested for non-payment, and notice thereof properly given to *Cady*. The evidence in respect to the attending circumstances under which the indorsement was made, was objected to as being incompetent.

Now the legal inference from the face of the note mentioned in this case would be that *Cady* was second indorser. The note being payable to the order of *Shepard*, in the ordinary course of business he would be the first indorser; and unless he indorsed the note without recourse, he could not maintain an action upon it—if the note afterwards came to his hands— against the second indorser, because if he recovered, the second indorser would have an immediate right of action against him on his earlier indorsement. It would be, in effect,

June Term,
1860.

CADY
v.
SHEPARD.

the case of a prior indorser maintaining an action against a subsequent one. The note being payable to the order of *Shepard*, he must indorse it before it could come to the hands of *Cady* to be indorsed by him. This would be the legal intendment as to the chain of title, and the relative situation and rights of the parties. But notwithstanding this would seem to be the situation of the parties, and the natural construction of the contract from the face of the note, yet parol proof has been admitted to show what contract the parties intended to make, and then courts have resorted to one expedient and another to charge a party indorsing a note under such circumstances. Sometimes they have said he was to be charged as a maker, sometimes as a guarantor, and sometimes as an indorser. "Whatever diversities of interpretation may be found in the authorities, where either a blank indorsement or a full indorsement is made by a third party on the back of a note payable to the payee or order, or to the payee or bearer, as to whether he is to be deemed an absolute promisor or maker, or guarantor or indorser, there is one principle upon the subject almost universally admitted by them all, and that is, that the interpretation of the contract ought in every case to be such as will carry into effect the intention of the parties; and in most cases it is conceded that the intention of the parties may be made out by parol proof of the facts and circumstances which took place at the time of the transaction. Story on Prom. Notes, sections 58, 59, and 479." *Rey et al. vs. Simpson*, 22 How. (U. S.), 349, '50. Under the decisions in this state, a party indorsing a note under those circumstances would undoubtedly be holden as an indorser, if at all. In *Hall vs. Newcomb*, 7 Hill, 416, Chancellor WALWORTH suggests the following method by which the indorsements on the note may be made to correspond to the intention of the parties when they made the contract, and consistency in the relations of the parties preserved. He says: "If the object of the second indorser is to enable the drawer to obtain money from the payee of the note upon the credit of the accommodation indorser, he may indorse it without recourse; and by such indorsement may either make it payable to the second indorser, or to the

bearer; and such original payee may then, as legal holder and owner of the note, recover thereon against such second indorser, upon a declaration stating such special indorsement by him and subsequent indorsement of the note to him by the second indorser." However necessary and proper this course might be to avoid any difficulty in framing a declaration under the old practice, I can hardly think it would be proper under the Code, which requires a party to state in his complaint the facts constituting the cause of action. It seems to me that the complaint was properly framed in the present case, and that we must hold that by commercial usage, a party indorsing a note under the circumstances therein stated, is bound as an indorser. This is the most rational ground upon which to place the party's liability, and is most in harmony with the contract actually made by the parties. And whether parol testimony should be admitted to explain the facts and circumstances under which the indorsement was made, does not seem to me now to be an open question. The authorities are too decided in favor of the admission of such testimony to be disregarded. See authorities cited on briefs in *Rey et al. vs. Simpson, supra; Moore vs. Cross,* 19 N. Y., 227.

The judgment in this case must be affirmed.