King et al. vs. Ritchie et al., impleaded &c.

---

KING and others vs. RITCHIE and others, impleaded &c.

If a review of the evidence upon an issue of fact found by the court is desired, exceptions to the finding must be filed as required by sec. 13, chap. 264, Laws of 1860.

Where there is no exception to the finding of facts, the judgment may be reversed either upon the ground of material error in respect to the admission of evidence or upon the ground that the facts found do not sustain the conclusions of law upon which the judgment is based.

Where a note intended to be used in payment for goods to be purchased of the payee, is indorsed in blank by a third party before delivery, for the purpose of giving credit to the maker, and the payee parts with his goods upon the credit of such indorsement, upon demand at maturity and protest for non-payment, with due notice thereof, the indorser is liable.

Since the publication of ch. 39, Laws of 1861, the notice of the taking of a deposition must be given to the opposite party by the party who proposes to take such deposition, and not by a justice of the peace.

In an action pending in the circuit court for Iowa county, A. & B., of Beloit, gave notice of retainer and appearance for the defendant, and subscribed and served their answer. Upon the first trial of the cause, a judgment for the defendants was entered upon motion of C. (of the firm of H. & C. of Mineral Point) as their counsel. The bill of fees of defendants' attorneys under that judgment, was stipulated on the part of the defendants by C. as their attorney. An order granting a new trial was made upon hearing C. on the part of the defendants; and the names of A. & B. appeared in none of these proceedings. Service of notices for the defendants were also made by the plaintiffs upon C. without objection. Afterwards a notice of the taking of certain depositions was served upon H. & C. as attorneys for the defendants; who did not return the same or object to receiving it. *Held,* that the court did not err in receiving the depositions, although neither C. nor H. & C. had been formally substituted as attorneys of record.

APPEAL from the Circuit Court for *Iowa* County.

This was an action against *Brittan*, as maker, and *Ritchie*, *Newcomb* and *Doolittle* as indorsers, of a note payable to the order of *Doan, King & Co.* The indorsement was in blank. The complaint alleges, among other things, that the defendants *Ritchie and others* "indorsed the note when said *Brittan* delivered the same to the plaintiffs;" that "said note was made by the defendant *Brittan* and indorsed by the defendants *Ritchie*, *Newcomb* and *Doolittle*, for the purpose of paying for goods sold and delivered by the plaintiffs to *Brittan* on the credit of such indorsement; and that the defendants *Ritchie*, *Newcomb* and *Doolittle* so indorsed the note for the purpose of procuring for the maker a credit with the plaintiffs, knowing that it would be so applied." The complaint also alleges presentment for payment at maturity, protest for non-payment, and notice thereof given to all the defendants. *Brittan* made default. The answer of the defendants *Ritchie*, *Newcomb* and *Doolittle*, by Todd & Converse of Beloit as their attorneys, denies due presentment of the note for payment, and alleges that the plaintiffs extended the time of payment for a valuable consideration, without their consent or knowledge.

On the first trial, judgment was rendered for the defendants. This judgment was set aside and a new trial granted. On the second trial, the plaintiff offered the note and indorsement in evidence; but the defendants objected to the indorsement as evidence of the liability of the defendants sued as indorsers, on the ground that it appeared that they were not the payees of the note or in any way parties to it, and that the indorsement was void by the statute of frauds. Objection overruled, and evidence received. The plaintiff then offered in evidence the deposition of one Winslow, the notary by whom presentment, protest and notice thereof were claimed to have been made and given. The defendants objected to the admission of said deposition in evidence, on the ground that the notice to their attorneys of the taking of the same was signed by the justice of the peace before whom it was taken, and not by the plaintiffs or their attorney; but the objection was overruled and the deposition admitted. The plaintiffs then offered the depositions of said Winslow and two other persons, taken subsequently to the former. The notice of the taking of these depositions was signed by the attorney for the plaintiffs, and was addressed to and served upon "Wm. T. Henry and J. H. Clary, attorneys for the defendants;" and the defendants objected to their admission, on the ground that Todd & Converse, of Beloit, were the attorneys of record for them, and that said notice should have been served upon them instead of Henry & Clary, who had been retained only for the trial of the case. The court overruled the objection, on the ground "that it was evident from the papers in the case signed by Henry & Clary as attorneys, and their entire management of the action in court, that the said Henry & Clary were at all events the agents of the defendants, so as to make the service of said notice good against said defendants;" and the depositions were read in evidence.—Some further evidence was introduced, including the notary's certificate of protest. The court found as facts the making of the note by *Brittan* and its indorsement by *Ritchie*,

*Newcomb* and *Doolittle* at the time, in the manner and under the circumstances alleged in the complaint; its subsequent delivery to the plaintiffs for the purpose alleged; due demand of payment at maturity, due protest for non-payment, and notice thereof duly given to the indorsers; that the note was still wholly unpaid, the plaintiffs the legal owners and holders, and the sum of $322.33 due thereon. As a conclusion of law, the court held that the defends *Ritchie and others* were liable as indorsers, and the plaintiffs entitled to judgment against them for the amount due on the note, with fees of protest &c.—Judgment accordingly; from which the defendants *Ritchie, Newcomb* and *Doolittle* appealed.

*Todd & Converse*, for appellants, argued, 1. That there had never been a due presentment of the note to the maker for payment. 2. That the court erred in admitting the deposition of Winslow first taken, because the notice was given by a justice of the peace, and not by the party, as required by ch. 39, Laws of 1860. 3. That the court erred in admitting the depositions of Winslow and others subsequently taken, because the notice of such taking was not served upon the attorneys of record. *Waterhouse v. Freeman,* 13 Wis., 340. 4. That the indorsement upon the note furnished no evidence of the liability of the appellants as indorsers, because it appeared that they were not the payees of the note, nor in any way parties to it, and that said indorsement was void by the statute of frauds.

*A. Wilson*, for respondents.

*By the Court*, DIXON, C. J. If a review of the evidence upon an issue of fact tried by the court is desired, exceptions to the facts found by the judge must be filed as prescribed by the statute. Laws of 1860, ch. 264, sec. 13. In this case there are no such exceptions, and hence we cannot examine the evidence. We can only look into the facts found, and, if they sustain the conclusions of law, the finding will not be disturb-

ed.   As there is no question about the sufficiency of the facts
as found by the judge, the case turns upon the exceptions to the
admission of evidence.

The first exception is to the admission of the note, on the
ground that *Ritchie, Newcomb & Co.*, the indorsers, were not
the payees to whose order the note was drawn, and the same
had not been indorsed to them.   The facts stated in the com-
plaint and not denied by the answer, make a case fully within
the decisions in *Cady v. Shepard*, 12 Wis., 639, and *Davis v.
Barron*, 13 Wis., 227 ; and the objection was clearly unten-
able.

The first deposition of the witness Winslow, taken before
justice Havens, was irregular and ought not to have been ad-
mitted.  The notice of the taking was issued by the justice, instead
of being given by the plaintiffs or their attorney, and there was
no appearance or other waiver of the strict requirements of the
statute on the part of the defendants.   The act, Laws of 1861,
ch. 39, repeals section 9, chapter 137, of the Revised Statutes,
aud notice by the party is the only one which can now regular-
ly be given.   Upon the point of the repeal see *State v. Inger-
soll*, 17 Wis., 631.   But as Winslow was subsequently exam-
ined, and his deposition regularly taken before another justice,
as we shall proceed to show, aud as his testimony is substan-
tially in each, and both depositions were read upon the trial,
the error was cured, and the judgment will not be reversed on
account of it.

The objection to the last deposition of the same witness, and
the depositions of other witnesses taken at the same time, is
that the notice for taking them was not properly served.   The
service was upon Messrs. Henry & Clary, attorneys at Mineral
Point.   Messrs. Todd and Converse, of Beloit, were the attor-
neys of the defendants *Ritchie, Newcomb & Co.*, who gave no-
tice of retainer and appearance for them, and subscribed and
served their answer.   The objection is, that the notice should
have been served upon them.   The court below overruled the

objection, upon the ground "that it was evident from the papers in the case signed by Henry & Clary as attorneys, and their entire management of the action, in court, that the said Henry & Clary were at all events the agents of the defendants, so as to make the service of said notice good upon said defendants." Upon inspection of the record sent up in return to the appeal, it appears that there had been a previous trial, and judgment for the defendants, and a new trial granted on motion of the plaintiffs. The judgment that was then entered, was upon motion of Mr. Clary as counsel for the defendants. The bill of fees of the attorneys of the defendants under that judgment was stipulated by Mr. Clary as "att'y for *Ritchie, N. & Co.*," and Mr. Wilson as attorney for the plaintiffs. The order granting the new trial was made upon hearing Mr. Wilson for the plaintiffs and Mr. Clary for the defendants. The names of Todd & Converse appear in none of these proceedings. It furthermore appears that service of notices had previously been made upon Mr. Clary without objection. Under these circumstances, we think the court below was right in not rejecting the depositions, although neither Mr. Clary nor Clary & Henry had been formally substituted as attorneys of record. They had so far identified themselves with the record as the attorneys in fact of the defendants, with, it must be presumed, the knowledge and approval of the defendants and of Todd & Converse, that the least they could have done, if they desired to disclaim such relation and compel service upon Todd & Converse, was to return the notice with their reasons, so that the plaintiffs could have proceeded by a notice not liable to such objection. Not having done this, we think, whether Clary & Henry are in strictness to be regarded as attorneys of record or not, the defendants were estopped, as it were, from taking the objection to the depositions when offered at the trial.

Judgment affirmed.