FREDERICK vs. WINANS, imp.

*March 1 — March 24, 1881.*

*Complaint construed: Promissory Note: Indorsement.*

In an action against X. and Y., the complaint alleges that, on a day named, X., for value received, made and delivered to the plaintiff his (X.'s) promissory note (describing it), and that "*afterwards*, and before the maturity of the note, *and when said X. delivered the same to plaintiff*," Y. indorsed the note.   There is no other averment of the consideration for the indorsement.   *Held*,

1. That the complaint must be construed as averring an indorsement by Y. *before delivery* of the note.
2. That a cause of action is shown against the indorser.

APPEAL from the Circuit Court for *Chippewa* County.

Action on a promissory note, by the payee against the maker and indorser. The material portion of the complaint is as follows: "That on or about the 26th day of July, 1875, at Chippewa Falls, Chippewa county, and state of Wisconsin, the defendant Ambrose B. Mannahan, for value received, made and delivered to the plaintiff his (the said defendant Mannahan's) promissory note in writing, dated of that day, whereby he promised to pay the plaintiff or order the sum of $800, at the First National Bank of Chippewa Falls, Wisconsin, in one year after the date thereof, with interest thereon at the rate of ten per cent. per annum till paid. That afterwards, and before the maturity of said note, and when said defendant Ambrose B. Mannahan delivered the same to the plaintiff, the defendant *George Winans* indorsed said note." Due demand, notice and protest are also alleged. The circuit court sustained a general demurrer interposed by the indorser to the complaint; and plaintiff appealed from the order.

The appeal was submitted on the brief of *Swift & Foster* for the appellant, and that of *Jenkins & Stafford* for the respondent.

LYON, J. The learned counsel for the respondent maintains, *first*, that the averments of the complaint show that the note in suit was indorsed after delivery thereof to the plaintiff, and hence that in law the plaintiff is the first indorser, and cannot maintain an action on the note against the respondent, who as to him stands as the second indorser; and *second*, that if the complaint is construed as alleging the indorsement to have been made after the delivery of the note to the payee, it is a mere accommodation indorsement, no consideration therefor being alleged, and the payee cannot maintain an action upon it.

1. Giving to the complaint the liberal construction which the statute requires (R. S., 728, § 2668), we are constrained to think that it substantially alleges an indorsement of the note

before delivery thereof to the payee. Obviously such was the intention of the pleader. The indorsement is alleged to have been made *when* the note was delivered. In *King v. Ritchie*, 18 Wis., 554, the same language was regarded as an averment that the note was indorsed before delivery.

2. Holding as we do that the indorsement of the note before delivery is alleged, the case is ruled by the judgment of this court in *Davis v. Barron*, 13 Wis., 227. The complaint in that case was substantially like the present complaint. It contained no averment of the consideration for the indorsement, yet it was held sufficient. In the opinion of the present chief justice it is said: "Obviously, a person indorsing a note before delivery thereof to the payee, intends rendering himself liable to the payee in some character and upon some ground. He must intend and design to secure its *payment* and give credit to the paper by placing his name upon it, even in the hands of the payee. He cannot complain if courts hold him to his contract." This language goes further than it is necessary to go to sustain this complaint.

The above cases are conclusive of this appeal. See also *Cady v. Shepard*, 12 Wis., 639.

*By the Court.*— The order sustaining the demurrer is reversed, and the cause remanded with directions to the circuit court to overrule the demurrer.