Boyd vs. Beaudin and another.

## Boyd vs. Beaudin and another.

*January 10 — February 7, 1882.*

PRACTICE: COUNTERCLAIM: JUDGMENT.  *(1) Rights of each of several defendants to several counterclaim and judgment.*
EQUITY: REDEMPTION.  *(2) When action to redeem proper remedy.  (3, 4) How far a tender necessary before action to redeem.  (5) Counterclaim for redemption, etc.  (6) Parties defendant in action to redeem.  (7, 8) Rights of mortgagee as to purchasing at mortgage sale.*
PLEADING.  *(9) Misjoinder of plaintiffs no ground of demurrer.*

| 54 | 193 |
|---|---|
| 86 | 418 |
| 54 | 193 |
| 92 | 519 |
| 54 | 193 |
| 94 | 679 |
| 54 | 193 |
| 113 | ²501 |

1. In an action on a promissory note, against both the maker and the indorser, a separate judgment may be rendered between the plaintiff and each of such defendants, and either of the defendants may plead a counterclaim solely in his own favor.

2. In general, where the mortgagee of chattels has taken possession, and the mortgagor's legal rights have been forfeited by a breach, his remedy is by an action to redeem.

3. Where a chattel mortgagee has realized moneys from the use of the property and has unlawfully sold part of it, the mortgagor may sue in equity to charge him with the moneys thus realized, and to redeem the unsold part on payment of any sum which may be found due on the mortgage

debt upon an accounting; and where an accounting by the mortgagee is necessary to determine the amount so due; no tender of the amount is necessary before bringing the action to redeem.

4. The want of a tender of the balance due, before the commencement of an action to redeem, will not defeat the action, but affects only the costs.

5. In an action on a note given for the price of an interest in a chattel, secured by mortgage thereof, the defendant may set up an *equitable counterclaim* for an accounting by plaintiff as to moneys realized by him from the use or unlawful sale of the property, and for a redemption on payment of any balance found due.

6. The purchaser of an interest in the mortgaged chattels at such unlawful sale, is not a necessary or proper party to such action for an accounting and to redeem, where no relief is sought against his claim of title to such interest.

7. Whether a chattel mortgagee may in any case become the purchaser at a public sale under the mortgage, so as to cut off the equity of redemption in the mortgagor, is not here determined.

8. When the mortgagee makes the sale without the knowledge of the mortgagor, in violation of an agreement or understanding between them, and purchases himself, at a grossly inadequate price, and renders no account of the sale to the mortgagor, the sale will be avoided at the suit of the latter.

9. The joinder of a party as plaintiff who has no interest, is not ground of demurrer.

APPEAL from the Circuit Court for *Racine* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover the amount alleged to be due upon two promissory notes made by the defendant *Beaudin* as principal, and indorsed by the defendant *Roissy*, payable to the plaintiff, dated April 23, 1879; payable, one on September 10, 1879, and the other on July 10, 1880. It is alleged in the complaint that the notes were given in part payment for a vessel known as the Josephine, sold by the plaintiff to the defendant *Beaudin*. The complaint states facts sufficient to charge the defendant *Roissy* as indorser of the notes, and demands judgment against both the defendants for the amount due upon them. The defendants do not deny any of the allegations of the complaint, but set up an equitable counterclaim, in substance, that the notes were given in part

payment for the vessel Josephine, as alleged in the complaint; that the defendant *Roissy* had no interest in the vessel purchased; that he indorsed the notes for the mere accommodation of *Beaudin*, and that *Beaudin* paid in cash $150 for said vessel, in addition to said two notes; that the two notes were secured by a chattel mortgage upon the Josephine, given by *Beaudin* to the respondent; that immediately after the purchase *Beaudin* expended $25 in fitting up the vessel for sailing, and sailed her during the summer of 1879; that he was unable to make payment of the note which became due September 10, 1879, and on November 18, 1879, the vessel was tied up at the port of Kenosha for the winter, and was then free from all debt except the mortgage debt; that about November 25, 1879, the plaintiff had an interview with the defendants at Kenosha, and it was then agreed between the defendants and the plaintiff that the defendants should surrender to the plaintiff all claim to said vessel, her tackle, apparel and furniture, and that in consideration thereof the said plaintiff should deliver up and cancel the two promissory notes in suit; that such agreement was not then consummated, but at plaintiff's request was to be closed up by the delivery of the vessel, etc., and the cancellation of said notes at some future day, and before navigation opened for the next ensuing season, — the plaintiff stating, as a reason for not closing the matter then, that he had not the notes with him.

"It is then alleged that on January 29, 1880, the plaintiff, in total disregard of his agreement, and without any notice of any kind to either of the defendants, sold the said vessel at public vendue in the said city of Kenosha, for the nominal price of $50, and, as defendants verily believe, the plaintiff purchased the vessel at said sale, paying therefor only the sum of $10; that at the time of such sale said vessel was well worth the sum of $350; that on June 19, 1880, the plaintiff sold the undivided half interest in said vessel to John Kane and Henry C. Kane for $175, and now claims to be the owner of the other undivided one-half thereof.

" It is then alleged that said sale was made in fraud of the rights of the defendants, and for a grossly inadequate price, and that no credit was given by the plaintiff upon either of said notes for the money realized by him upon the pretended sale under said mortgage; and as relief defendants pray that an account may be taken between the parties; that the plaintiff be credited with the amount due upon said notes, and be charged with the sum of $175, realized by him from the sale of the undivided half interest in said vessel to the said Kanes; that if on such accounting anything shall be found due the plaintiff, the defendants may be allowed, by paying the same into court, to redeem the undivided one-half of said vessel now claimed to be owned by said plaintiff, and that he be compelled to deed the same to these defendants, or to the defendant *Beaudin*, and if the plaintiff shall not make good the title to said undivided one-half interest in said vessel, then they shall have judgment for the value thereof, or for a decree satisfying and canceling said notes, and for such other relief as may be agreeable to equity.

" To this counterclaim the respondent demurred, (1) because the court had no jurisdiction of the subject matter of the counterclaim; (2) because there is a defect of parties, as it appears that the said John Kane and Henry C. Kane should be parties to an action to redeem from the mortgage, and because it appears that the defendant *Roissy* has no interest in the subject of the counterclaim; (3) because the facts stated are not sufficient to constitute a counterclaim; (4) because it appears on the face thereof that the alleged cause of action stated is not pleadable as a counterclaim. The demurrer was sustained, and the defendants appealed from the order."

For the appellant there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes:*

1. The facts pleaded, if sufficient for any purpose, could be set up by way of defense to the action at law, and hence the

equitable counterclaim is demurrable. *Pennoyer v. Allen*, 50 Wis., 308; *S. C.*, 51 id., 360; *Resch v. Senn*, 31 id., 138. The right to redeem is based upon the agreement alleged. Such agreement, if made and consummated, would be a defense which could be interposed at law, if available for any purpose. Moreover, after default, and even after possession taken by the mortgagee, the mortgagor could maintain an action to reinvest him with title, upon due tender of the debt and costs. Herman on Chat. Mortg., 468–9, § 196; *Smith v· Phillips*, 47 Wis., 202; *Musgat v. Pumpelly*, 46 id., 660. 2. The defendants cannot ratify the plaintiff's sale to the Kanes without also ratifying the sale or proceedings by which he acquired possession and title to the property so sold. If not ratified, the Kanes are necessary parties to any action affecting the possession or title to the vessel. The defendant *Roissy* has no interest in, and is not a proper party to, the alleged counterclaim. It cannot, therefore, be interposed in this suit. *Pennoyer v. Allen, supra; McConihe v. Hollister*, 19 Wis., 269; *Dolph v. Rice*, 21 id., 590. 3. The counterclaim states no cause of action. It is alleged that the plaintiff took possession after default, and sold the vessel, under the terms of the mortgage. The terms and conditions of the mortgage are not given, and it must be presumed, therefore, that they were strictly and fully complied with. It does not appear but that, by the terms of the mortgage, the proceedings alleged were in exact accordance with the agreement of the parties, and that pursuant thereto all right of redemption was to be waived or cut off. The court cannot say that the mortgagor has been deprived of any of his rights, or that any fraud or even mistake has been committed by the plaintiff. The bare assertion of fraud and inadequacy of price upon the sale goes for naught, in the absence of a statement of facts tending to substantiate such assertion. The notes secured by the mortgage remain unpaid. The only sum claimed to have been realized to the plaintiff is $175. The amount due on the notes is $200

and interest.   A tender of the balance must be alleged and shown, before a suit to redeem can be maintained.   Herman on Chat. Mortg., 469–472; Jones on Chat. Mortg., § 690; *Hall v. Ditson*, 55 How. Pr., 19; *Halstead v. Swartz*, 46 id., 289.

TAYLOR, J.   We see no reason why the court has not jurisdiction of the subject matter of this counterclaim.   It may be that when a mortgagor seeks to redeem from a chattel mortgage, and recover the possession of the mortgaged property from the mortgagee in possession, he can accomplish the purpose in an action at law by first tendering the amount due on the mortgage, and bringing his action of replevin to recover the possession of the property.   But this is not an adequate remedy when any part of the mortgaged property has been destroyed or unlawfully sold by the mortgagee.   In such case the mortgagor has the right to charge the mortgagee with the value of the property sold, or he may waive that right and charge him with the moneys realized by him on such sale; and, when the mortgagee has used the mortgaged property, and realized money from such use, he may be charged with the moneys so realized.   The general rule is, that when the mortgage is forfeited, and the mortgagee takes possession on account of such forfeiture, the remedy of the mortgagor is to bring an equitable action to redeem.   Herman on Mortg., § 191; Jones on Mortg., §§ 683, 684.   In this case the mortgagor had the right to bring his equitable action, because the mortgagee had made a sale which it might be necessary to avoid, and because he wished to charge him with the money received on the sale of the half interest, and possibly for the use of the other half interest; and it may also have been requisite to perfect the mortgagor's title that he should have a conveyance from the mortgagee.   The Kanes were not necessary or proper parties to the action, for the reason that the mortgagor does not propose to interfere with their title to the undivided half interest in the vessel.   He is content to have that

sale stand, and receive the avails of it from the mortgagee. The joinder of *Roissy* as a party to the counterclaim is not a ground of demurrer.    *Willard v. Reas*, 26 Wis., 540; *Marsh v. Supervisors*, 38 Wis., 250.

We think there can be no doubt that the facts pleaded constitute a counterclaim between the appellant *Beaudin* and the respondent.    The allegations in the pleading show that the respondent has converted the mortgaged property to his own use without accounting to the mortgagor for the value thereof. It is true, the pleading shows that a sale was made at public vendue; and if the mortgaged property had been purchased at such sale by a third person, in good faith and without any collusion with the mortgagee to defraud the mortgagor, such sale would be upheld notwithstanding the mortgagor had been misled by the agreement set out in the pleading.    But the allegations showing that there was a want of good faith in the mortgagee in making the sale at all, and the further allegation that he was himself the purchaser at a merely nominal and grossly inadequate price, and that he has rendered no account to the mortgagor on account of such sale, are clearly sufficient, if proved, to avoid such sale as between the mortgagor and the mortgagee.    In order to sustain this pleading as a good counterclaim, it is unnecessary to determine whether in any case the mortgagee may become the purchaser at a public sale, under the mortgage, so as to cut off the equity of redemption in the mortgagor.    The later opinions in New York seem inclined to hold that where there is no unfairness on the part of the mortgagee, and the sale is public, and with express notice to the mortgagor, he may be a purchaser, and that such fair sale and purchase will bar the mortgagor's equity.    *Hall v. Ditson*, 55 How. Pr., 19; *Olcott v. Tioga Railroad Co.*, 27 N. Y., 546; Jones on Mortg., § 808.    This court has held that where there is any unfairness or want of good faith on the part of the mortgagee in making the sale, though it be a public sale, if he becomes the purchaser, such

sale will be held void at the option of the mortgagor, and in such case he may maintain an equitable action to redeem, notwithstanding such sale; and if the mortgagee, after having purchased such property at the mortgage sale, converts the property by a sale of the same to a third person, he will be held to account either for the value of the property sold, or for the money received upon such sale. *Pettibone v. Perkins,* 6 Wis., 616; *Flanders v. Thomas,* 12 Wis., 410. The counterclaim in the case at bar sets out facts which show conclusively a want of good faith and fairness on the part of the mortgagee in making the sale under the chattel mortgage. His purchase at such sale cannot, therefore, bar the mortgagor of his action to redeem, and compel him to render an account for the money received by him upon the resale of that part of the property which he sold to the Kanes, and for any moneys received from the use of the property remaining unsold; nor of his right to redeem the mortgaged property remaining in the hands of the mortgagee by paying any sum which may be due to him on the mortgage after deducting the moneys so received. This right was affirmed by this court in the case of *Mowry v. First Nat. Bank of Baraboo, ante,* p. 38.

The fourth objection to the counterclaim, " that the alleged cause of action is not pleadable as a counterclaim," we think is not well taken. Admitting that the appellant *Roissy* has no interest in the counterclaim, that fact is no objection to its being set up as a defense by the appellant *Beaudin.* The statute says " the counterclaim must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." Sections 2656 and 2657, R. S. 1878, provide that counterclaims may be such as were formerly legal or equitable, or both. Under these provisions it seems to us very clear that this was a pleadable counterclaim in this action. It is a claim between the plaintiff and a defendant between whom a several judgment might be had in the action. The defendant in whose favor the coun-

terclaim exists, is the maker of the notes on which the action is brought, and his co-defendant is an indorser of the same notes; and it is clear that in such cases a several judgment might be had in favor of the plaintiff against the maker. The defenses which the defendants have to the action not only may be different, but in most cases they would be so. They are not in fact jointly liable to the plaintiff, and the right to join them as defendants at all in the same action is derived from the statute. Section 2609, R. S. 1878; *Decker v. Trilling*, 24 Wis., 610; *Clapp v. Preston*, 15 Wis., 543; *Borden v. Gilbert*, 13 Wis., 670; *Cady v. Shepard*, 12 Wis., 639; *Davis v. Barron*, 13 Wis., 227; *King v. Ritchie*, 18 Wis., 554. It comes within the rule laid down in *Dietrich v. Koch*, 35 Wis., 618, "that a counterclaim must be a claim which, if established, will defeat or in some way qualify the judgment to which the plaintiff is otherwise entitled."

If the appellant is entitled to have the money received by the respondent, upon the sale of the one-half interest in the vessel to the Kanes, applied in part payment of the plaintiff's claim on the notes upon which the action is brought, then the counterclaim set up by the appellants comes within the rule above stated, and will defeat the plaintiff's claim to that extent. The claim of the appellants, if established, will be an equitable set-off to the claim of the plaintiff, so far as the money equitably due from the plaintiff to *Beaudin* is concerned. It is unnecessary to determine whether, in an action at law to recover a debt due which is secured by a chattel or other mortgage, the defendant can, by way of counterclaim, maintain an action simply to redeem the property from the mortgage, when no claim is made for an accounting for any moneys received by the plaintiff growing out of the security, which, in equity, should be applied to the extinguishment of the debt upon which the action is brought.

It is further objected that the counterclaim is not sufficient because it is an action to redeem from the mortgage, and

there should be an allegation that they have tendered the amount due to the plaintiff, before any such action can be maintained.    This counterclaim is more than a simple action to redeem. *Beaudin* has the right to have the money received by the plaintiff on the sale of the half interest to the Kanes applied in part payment of his debt, even though he has shown no right to redeem as to the half interest still owned by the plaintiff.    We are, however, of the opinion that when it is necessary for the mortgagee to render an account in order to ascertain what is necessary to be paid by the mortgagor seeking to redeem, no tender is necessary before bringing the action to redeem.    And, under the decisions of this court, in similar cases, the want of a tender before suit brought does not defeat the action, but only goes to the question of costs in case the right to redeem be established on the trial.    *Wright v. Young,* 6 Wis., 127; *Cunningham v. Brown,* 44 Wis., 72.

We think the court erred in sustaining the demurrer to the counterclaim, and that the order must be reversed.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.