BLAKESLEE, Respondent, vs. HEWETT and others, imp., Appellants.

*March 1 — March 18, 1890.*

*Promissory notes: Indorsement by strangers: Agency: Demand and notice of dishonor: Married women: Setoff.*

1. The undisputed testimony of two of several indorsers of a promissory note, that they all indorsed it before delivery for the purpose of giving credit to the maker, is sufficient to show that they did not sign as second indorsers, on the responsibility of the payee, but are liable to the payee as indorsers.

2. Where the bank holding a note for collection sends it for the same purpose to the bank where it is payable, the latter is authorized to demand payment and give notice of dishonor.

3. In an action by a married woman upon a note made payable to her, evidence of offsets against her husband is inadmissible, even if he was the owner of the property in payment for which the note was given, where such offsets are not pleaded and the husband is not a party to the action.

APPEAL from the Circuit Court for *Clark* County.

Action upon a promissory note signed by the defendant Colburn and indorsed by the other defendants. The facts will sufficiently appear from the opinion. The indorsers appeal from a judgment in favor of the plaintiff.

The cause was submitted for the appellants on the brief of *R. J. MacBride*, and for the respondent on that of *Dickinson & Graham*.

COLE, C. J. The undisputed evidence in this case shows that all the indorsers signed the note upon which suit is brought before its delivery to the payee, to give credit to the maker, Colburn. This is the effect of the testimony of *Ring* and *Youmans*. The former says, in substance, that it was understood that the indorsers should indorse the note to give Colburn credit for the purchase of the mill property, and that he indorsed as he agreed to. *Youmans* says he

knew Colburn's signature and the other signatures on the back of the note; that they were the signatures of the defendants *Hewett, Archer, Ring,* and *Youmans.* The reason they signed as indorsers was as an accommodation to give credit to Colburn. Under these circumstances, they became liable to the payee as indorsers. That is the rule laid down by this court in *Cady v. Shepard,* 12 Wis. 639. It has been followed in other cases. *Davis v. Barron,* 13 Wis. 227; *Snyder v. Wright,* 13 Wis. 689; *King v. Ritchie,* 18 Wis. 554; *Frederick v. Winans,* 51 Wis. 472. It is idle to say, in the face of this testimony, which is undisputed, that there is no proof to show when *Hewett* and *Archer* indorsed the note, whether it was before or after delivery to the payee, or that they indorsed it to give credit to the maker. The testimony is clear and satisfactory that they and the other indorsers indorsed it before delivery for the very purpose of giving credit to the maker, and they should be held to their contract. The assumption that they might have signed as second indorsers, on the responsibility of the payee, is in conflict with all the facts proven.

Another objection taken is that there was no proof of a proper demand of payment and notice of dishonor given. The note was made payable at the Clark County Bank at Neillsville. The cashier of that bank, who was a notary public, duly demanded payment of the note at the bank, and protested the same for nonpayment, and gave immediate notice to each of the indorsers. It appears that the note had been left with a bank in Sparta, doubtless for collection, and was sent by the latter bank to the Clark County Bank for the same purpose. It is said that it did not appear that the cashier of the Clark County Bank had any authority from the payee to present the note for payment. But the facts show that there was an implied authority for the Sparta bank to send the note to the Clark County Bank for collection, as was done. This authority is implied from

the facts of the case, and it was so decided in *Stacy v. Dane Co. Bank*, 12 Wis. 629. The Clark County Bank was unquestionably the agent of the Sparta bank to collect the note for the owner thereof. *Marine Bank v. Fulton Bank*, 2 Wall. 252; *Ward v. Smith*, 7 Wall. 447. Where a bank is designated for the payment of a note, the common usage is for the holder to send it to such bank for collection, and the party bound for its payment can call and take it up. Under such circumstances the bank becomes the agent of the payee to receive payment. *Ward v. Smith*, 7 Wall, 447. This doctrine is elementary, and no authority need be cited to sustain it.

But it is further insisted the court erred in excluding the evidence offered to show when the action was commenced that *Ring* and *Archer* had offsets against Chauncey Blakeslee, in the way of unpaid notes. The ruling of the court in excluding this evidence was manifestly correct, for several reasons. In the first place, no setoff was pleaded in the answer, so there was no foundation laid for such proof. Besides, Chauncey Blakeslee was not a party to the suit. The note was made payable to *Maria S. Blakeslee*, presumably the holder and owner, and in whose name the action was brought. It is suggested that the mill property, which was the consideration of the note, was the property of Chauncey Blakeslee. But what if it was? *Non constat* but *Mrs. Blakeslee* was the real owner of the note for a valuable consideration. She may have advanced money to her husband for it, or he may have given it to her. At all events she is the party to the record, and *prima facie* is the real owner, who is entitled to recover upon it. There was no question in the case to submit to the jury, and the circuit judge properly directed a verdict for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.