Johnson vs. The Weed & Gumaer Mfg. Co.

JOHNSON, Respondent, vs. THE WEED & GUMAER MANUFACT-
URING COMPANY, imp., Appellant.

*April 26 — May 16, 1899.*

*Promissory notes: Indorsement: Innocent holder: Corporations: Agency:*
*Ratification: Partnership: Firm debt.*

1. Defendant corporation opened a branch of its business under the
   management of the defendant S., under arrangements whereby S.
   in fact became a partner in the branch business. Plaintiff sold S.
   some timber under a contract reserving the title until a note given
   for the purchase price was paid. When the note became due, the
   vice president of the corporation, who was bookkeeper of the branch
   business and consulted S. about its affairs, gave a new note for the
   balance due, signed by S. as maker, and indorsed by the corpora-
   tion, and thereupon plaintiff delivered up the old note, acknowl-
   edged payment, and surrendered his contract and his lien on logs
   cut thereunder. When the note became due, the corporation, by
   its president, waived protest and, before the commencement of ac-
   tion thereon, made payments on the note. It appeared that the
   new note was one of three blank notes which had been sent to the
   vice president, indorsed by the corporation, to be used when filled
   in and signed by S. as maker, to take up notes due at a bank.
   Plaintiff had no knowledge of any limitation on the authority of
   the vice president to fill in the notes. *Held,* that plaintiff was
   entitled to hold and enforce the note as a *bona fide* purchaser for
   value.
2. The note, having been indorsed and intrusted to an officer of the
   corporation apparently in charge of its business, with blanks not
   filled out, carried on its face implied authority to fill up the blanks
   and perfect the instrument, and the person intrusted with the note
   is to be deemed the agent of the indorser, who is bound by it, where
   the holder had no knowledge of any limitation on the agent's au-
   thority and there is nothing in the situation to put him on his
   guard or on inquiry.
3. The corporation by its president, after full knowledge of the cir-
   cumstances, having waived protest, asked an extension of time,
   offered to turn out property in payment, and made payments be-
   fore the action was brought, ratified the delivery, execution, and
   use of the note.

4. S. being a partner in the branch business, and that firm having received the proceeds of plaintiff's timber, in legal effect the note was given for a firm debt, and both S. and the corporation were bound to pay it.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action upon a promissory note executed by one S. H. Smith, and indorsed by the defendant, under circumstances hereinafter stated. Defendant is a corporation doing business at Weyauwega, Wisconsin. Some years ago it opened a branch of its business at Ashland, Wisconsin, under the management of Smith. Under their arrangements with him, Smith became in fact a partner in the business at that place. They conducted a store, selling groceries, flour, feed, etc., furnishing loggers. In the course of business the Ashland branch became possessed of a logging outfit, and for a time carried on logging operations. Plaintiff owned some timber which he sold to Smith, under a contract reserving the title until a note given for the purchase price was paid. When the note became due, Smith gave plaintiff a new note for the balance due on the old one, payable to his order, but which was indorsed by defendant before delivery. Plaintiff relied upon such indorsement, delivered up the old note, surrendered his contract, acknowledging payment, and also surrendered his lien upon the logs which had been cut under the contract. At the time this note became due, defendant, by its president, waived protest on the back thereof. The note not being paid, plaintiff brought this suit against the defendant, admitting payments August 5, 1897, of $50, and August 10th of $25. The defendant answered that the indorsement on the note was without authority, and made for plaintiff's accommodation. The proof showed: That defendant had notes due at the bank in Ashland. Mr. Weed, the president of defendant, sent three blank notes, with the name of defendant indorsed

on the back, to Mr. Gumaer, to take up the notes at the bank. Gumaer was vice president of defendant, and bookkeeper at the Ashland store. When the note of Smith to plaintiff became due, Gumaer filled out one of these notes for the amount due thereon, payable to plaintiff, which was signed by Smith as maker, and delivered the same to plaintiff, and took up the old note and contract. It was defendant's practice to have Smith sign notes as maker, and defendant would indorse the same, and use them at the banks. It further appeared in evidence that the logging operations and timber deals were conducted in Smith's name, with the knowledge of the defendant. The proceeds of the timber for which the note in suit was given were received by defendant, and used in paying the debts of the Ashland branch. At the time the protest of the note was waived, Mr. Weed, the president of defendant, promised to pay the note, if plaintiff would give time, and afterwards the two payments mentioned were made. Upon this evidence the court granted plaintiff's motion to direct a verdict for the balance due on the note. It is to review the correctness of this order that defendant has appealed from the judgment in favor of plaintiff.

For the appellant there was a brief by *Reed & Reed*, and oral argument by *Myron Reed*. They contended, *inter alia*, that the note never had any legal existence. *Walker v. Ebert*, 29 Wis. 194; *Snyder v. Van Doren*, 46 Wis. 602; *Kellogg v. Steiner*, 29 Wis. 626; *Andrews v. Thayer*, 30 Wis. 228; *Chipman v. Tucker*, 38 Wis. 43; *Hillsdale College v. Thomas*, 40 Wis. 661; *Burson v. Huntington*, 21 Mich. 416. The defendant was not estopped by having received some portion of the proceeds sold Smith by plaintiff. *McLinden v. Wentworth*, 51 Wis. 171. A manufacturing corporation is not bound by its signature to an indorsement of the note of another person for his accommodation. Cook, Stocks (3d ed.), § 774; *Bank of Genesee v. Patchin Bank*, 13 N. Y. 309; *Nat.*

*Bank v. Wells,* 79 N. Y. 498; *Nat. Park Bank v. German-Am. M. W. & S. Co.* 116 N. Y. 281; *West St. L. S. Bank v. Shawnee Co. Bank,* 95 U. S. 557; *Ætna Nat. Bank v. Charter Oak L. Ins. Co.* 50 Conn. 167; *Culver v. Reno R. E. Co.* 91 Pa. St. 367; *Beecher v. Dacey,* 45 Mich. 92; *Smead v. I., P. & C. R. R. Co.* 11 Ind. 104; *Hall v. Auburn T. Co.* 27 Cal. 255; *Nat. Bank v. Atkinson,* 55 Fed. Rep. 465; *Wilson v. Metropolitan E. R. Co.* 120 N. Y. 145; *Winterfield v. Cream City B. Co.* 96 Wis. 239; *Ford v. Hill,* 92 Wis. 188; *John V. Farwell Co. v. Wolf,* 96 Wis. 10; *McElroy v. Minnesota P. H. Co.* 96 Wis. 317. The indorsement was within the statute of frauds. *Osborne v. Farmers' L. & T. Co.* 16 Wis. 36; *Taylor v. Pratt,* 3 Wis. 674; *Parry v. Spikes,* 49 Wis. 384; *Nelson v. Boynton,* 3 Met. 396; *Emerick v. Sanders,* 1 Wis. 77; *Reynolds v. Carpenter,* 3 Pin. 34; *Loomis v. Newhall,* 15 Pick. 166; *Stone v. Symmes,* 18 Pick. 467; *Curtis v. Brown,* 5 Cush. 488; *Waldheim v. Miller,* 97 Wis. 300; *Hutson v. Field,* 6 Wis. 407; Brandt, Suretyship, §§ 50, 73, 74; *Bank of Commerce v. Ross,* 91 Wis. 320; *Remington v. Detroit D. Mfg. Co.* 101 Wis. 307; *Houghton v. Ely,* 26 Wis. 181; *Blake v. Domestic S. M. Co.* 38 Atl. Rep. 241; *Twohy M. Co. v. Ryan D. Co.* 94 Wis. 319; *Jackson v. Rayner,* 12 Johns. 291.

For the respondent there was a brief by *Cate, Sanborn, Lamoreux & Park,* and oral argument by *A. W. Sanborn.*

BARDEEN, J. The facts in this case are substantially without dispute. The note in suit was given by Smith to pay the balance due on the timber he had purchased from plaintiff. At that time plaintiff had adequate security for the money due him, and he accepted the note with defendant's indorsement thereon in satisfaction and payment of such balance. He relied upon the faith and credit of such indorsement, released his lien upon the logs, and acknowledged payment of the amount due on his contract. He had no knowledge

of the circumstances set up by defendant to defeat such indorsement. · He took the note, in absolute good faith, from the vice president of the defendant company, and is entitled to hold it as a *bona fide* purchaser for value. *Cady v. Shepard*, 12 Wis. 639; *Davis v. Barron*, 13 Wis. 227; *Blakeslee v. Hewett*, 76 Wis. 341. It is argued that the note had no valid inception, because the vice president, Mr. Gumaer, had no authority to fill out the note as he did. It is admitted that Gumaer had authority to fill the blanks in the note. It is equally certain that plaintiff had no knowledge of any limitation of his authority. Plaintiff was dealing with an officer of the corporation apparently in charge of its business. Smith was also known to be an agent of defendant. For years he had been managing the Ashland store with Gumaer. Every circumstance known to plaintiff tended to show the good faith of the transaction. There was nothing in the situation to put him on his guard or on inquiry. The universal rule is that where a party to a negotiable note intrusts it to the custody of another, with blanks not filled up, it carries upon its face implied authority to fill up the blanks and perfect the instrument, and, as between such party and innocent third parties, the person intrusted with the note is deemed the agent of the former, and such party is bound by his act. *Bank of Pittsburgh v. Neal*, 22 How. 96; *Johnston H. Co. v. McLean*, 57 Wis. 258; *Snyder v. Van Doren*, 46 Wis. 602.

We are also of opinion that the evidence shows a sufficient ratification of the delivery and use of this note. After full knowledge of the circumstances, defendant's ·president waived protest on the note, and promised payment if granted time; offered to turn out sleighs and other property. to pay it; and thereafter two payments were made upon the note by Mr. Gumaer, out of the money of the concern, before this action was brought. Repudiation of defendant's liability on the note should have been prompt and decisive. Mr Weed knew of what he claims to have been the unauthor-

ized use of this note some time before it was due, and at a time when plaintiff might have reclaimed his logs. When payment was demanded, instead of denying liability, he promised payment, if granted time. He knew that Gumaer made the payments on the note after it was due, and made no objection thereto. Tested by the principles of fair dealing, the situation shows a ratification of the note.

But there is another ground upon which this recovery can be sustained: While the evidence shows the logging operations were carried on in Smith's name, there is ample to show that they were, in fact, firm transactions. It was admitted on the argument that Smith was a partner in the Ashland store. All these logging deals were entered upon and carried out after full consultation between Smith and Gumaer. Supplies were taken from the store, and time checks of the men were made payable at that place. All of the circumstances are consistent with the claim that these were firm transactions, and inconsistent with the claim that Smith was carrying on an independent business for his personal profit. The firm received the proceeds of plaintiff's timber, and, in legal effect, the note given was for a firm debt, which both Smith and defendant were bound to pay. Upon every permissible theory of the case, the judgment of the trial court was right.

*By the Court.*— The judgment of the circuit court is affirmed.