June Term,
STACY and another vs. THE DANE COUNTY BANK. 1860.

| 12 | 629 |
|----|-----|
| 76 | 343 |

STACY et al.
v.
DANE COUNTY
BANK.

A bank in *Madison* received by mail, for collection, a note made and indorsed by persons living at *Stoughton*, a place about twenty miles from Madison, but with which there was a daily communication by railroad. There was no bank at Stoughton, and, before the note fell due, the bank at Madison delivered it for collection to an express company, which had an office in Stoughton, and was in the practice of collecting such paper, and was responsible, and reputed to be a prompt and capable collecting agent. The express company delivered the note, in due time, to a notary public residing in Stoughton, for presentation, and protest if not paid, but the notary made his demand of payment one day before the note fell due, and on the same day deposited notice of non-payment, for the indorser, in the post-office at Stoughton, although the indorser, who was then absent from home, had his place of residence in said village, whereby, the makers being insolvent, the debt was lost. *Held*, that the contract implied from the receipt by a bank of a note for collection, payable at a distance from its place of business, is not absolutely to make due presentment of the note and give due notice of its non-payment, but to place it in the hands of some competent and responsible agent for that purpose, and that if the bank exercises reasonable care and skill in selecting such agent, it is not liable for his default.

*Held*, also, that a person charged with the collection of commercial paper, may, in the absence of any direct notice to the contrary, assume that a notary, appointed by public authority, is a fit and proper agent to discharge the duties of his office, and that if the express company were to be regarded in this case solely as the agent of the bank, the duty of the latter was performed when the note was placed in the hands of a notary, at Stoughton, in due time to make proper presentment and protest.

APPEAL from the Circuit Court for *Dane* County.

*Stacy* and *Thomas* sued the Dane County Bank upon an alleged undertaking duly to present for payment a note sent by them to said bank for collection, and, if not paid, to take the proper steps to charge the indorser; *breach*, that the note was not duly presented for payment by said bank, nor the indorser duly notified of its non-payment, by means of which the indorser was discharged, and, the makers of the note being insolvent, the debt was lost.

Trial by the court. The evidence was as follows: On the 14th of May, 1858, the plaintiffs, who resided at Chicago, sent by mail to the defendant, at Madison, for collection, a note of Mosher, Rayner & Co., for $380, due 1-4 of June, 1858, indorsed by one Gregory, and a note of said Gregory for $44 22, due 3-6 of June, with instructions to remit in draft on New York, less exchange. The defendant received the notes in due course of mail, and wrote in reply that they

should "receive due attention." Mosher, Rayner & Co. and Gregory, resided, (as the plaintiffs knew), at Stoughton, about twenty miles from Madison, the place of business of the Dane County Bank. Stoughton was connected with Madison by railroad, and persons could go from Madison to that place and return the same day. There was no bank at Stoughton, and on the 19th of May, the defendant delivered the two notes to the American Express Company for collection. The express company collected the note of said Gregory and delivered the note of Mosher, Rayner & Co., before its maturity, to one Allen, a notary public residing at Stoughton, for presentation, and for protest if not paid. Said notary presented the note for payment on the *third* day of June, and on the same day deposited in the post office at Stoughton, notice of its non-payment, addressed to Gregory, who was then absent from home, but had his place of residence in that village. It was admitted that the makers of the note were, at the maturity thereof, and ever since have been, insolvent. It was in proof that the *Dane County Bank* was in the practice of receiving notes for collection, it being a part of its business to collect notes and remit proceeds in exchange at current rates, and where notes were payable out of Madison, it charged in addition, 1-4 of one per cent. for doing the business. This commission on the amount collected from Gregory, the bank retained, and remitted the residue to the plaintiffs, after deducting $2 25, charged by the express company for its services and cost of protest of the note of Mosher, Raynor & Co. It was in proof also, that it was part of the business of said express company to collect notes; that it had an office at Stoughton; that it had the reputation of being a prompt, reliable and capable collecting agent, and that it was responsible. As to the usage of the defendant and other banks in Madison, in reference to the collection of notes payable at points distant from that city and upon railroads, the cashier of the defendant testified, that it was the custom of said banks, when they had paper for collection which matured at a place where there was no bank, to send it for collection by the American Express Company, if it had an office at such place. The

June Term,
1860.

STACY et al.
v.
DANE COUNTY
BANK.

cashier of the State Bank at Madison, testified, to the same usage, as to the collection of paper through the express company; but, on cross-examination, he said that it was a rare thing for the banks in Madison to send collections by the express company, as they had but little paper payable where there was no bank, but that when there was no bank at the place where the note was payable, there was no way but to send it by the express company, or decline to receive it for collection. It was also in proof that the plaintiffs had never before transacted any business with the defendant. The plaintiffs objected to the admission of the evidence as to its being a part of the business of the express company to collect notes, and as to its reputation and responsibility, and as to the usage of banks in Madison, in employing said company as a collecting agent, but the court overruled the objection, and the plaintiffs excepted.

The finding of the circuit court as to the facts, was, among other things, that the defendant was not guilty of any negligence in the premises, but had discharged fully and properly the duty it owed to the plaintiff on account of the receipt of said note by it, for collection. The finding was excepted to. Judgment for defendant.

*Geo. B. Ely* and *E. E. Boies*, for the appellants, contended that the contract of the defendant to " give due attention" to the collection of the papers sent to it by the plaintiffs, was founded on a valuable consideration, and, as to its liability in this case, cited *Allen vs. Merchants' Bank*, 22 Wend., 215; *Downer vs. Mad. Co. Bank*, 6 Hill, 648; *Mont. Co. Bank vs. Albany Bank*, 8 Barb. S. C., 396 ; *McKinster vs. Bank of Utica*, 9 Wend., 46, and 11 id., 473; *Tyson vs. State Bank*, 6 Blackf., 225; *Van Wart vs. Woolley,* 3 Barn. & Cress., 439 ; *Thompson vs. Bank*, Riley's Cases, 81 ; *Warren Bank vs. Suffolk Bank*, 10 Cush., 582. They distinguished from these cases, *Fabens vs. Merchants' Bank*, 23 Pick., 330; *Tiernan vs. Com. Bank*, 7 How. (Miss.), 648; and 7 Smedes & Marsh., 592, where the bank was acting as a mandatary without reward, and also *Bank vs. Triplett,* 1 Peters, 25, where the note was left for transmission. In the cases on which the defendant relies, the notes were payable at a distant point,

and were transmitted by the receiving bank to a bank at the place where the paper matured. Conceding that if a notarial demand and protest had been indispensable to charge the indorser, then the defendant would not have been responsible for the non-feasance of the notary, if due diligence was used to select a proper officer, they contended that in this case no protest was necessary, and the choice of the notary was a mere matter of convenience (*Sumner & Kimball vs. Bowen*, 2 Wis., 524; Rev. Stat., chap. 12, sec. 4; *Allen vs. Merchants' Bank*, 22 Wend., 215; *Thompson vs. Bank of the State*, 3 Hill (S. C.), 77; same case, Riley's Cases, 81); and that the presentation of the note before its maturity in this case, was proof of his incapacity, and of negligence on the part of the bank in selecting him as its agent.

*Abbott, Gregory & Pinney*, for respondent:

The undertaking of the bank was not that if the note were not paid, the indorser should be charged *at all events*, but simply that the bank would exercise due diligence to accomplish that result. If, then, the bank pursued, in this case, the customary course of business in respect to such matters, it is exonerated. Ang. & Ames on Corp., 250; Paley on Agency, 9. The note being payable in a distant place, it is to be presumed that it was intended by the parties that it was to be transmitted to, and collected by a sub-agent, and if the bank, in good faith, employed suitable sub-agents for collection, it is not liable for their default. Ang. & Ames, *supra;* 2 Hill. on Torts, 481-2; *Fabens vs. Mercantile Bank*, 23 Pick., 330; *Dorchester Bank vs. N. E. Bank*, 1 Cush., 177; *Warren Bank vs. Suffolk Bank*, 10 Cush., 582; *East Haddam Bank vs. Scovil*, 12 Conn., 303; *Bellemire vs. Bank of U. S.*, 4 Whart., 105; *Mechanics' Bank vs. Earp*, 4 Rawle, 384; *Tiernan vs. Commercial Bank*, 7 How., 648; *Agricultural Bank vs. Commercial Bank*, 7 Smedes & Marsh., 592; *Jackson vs. Union Bank*, 6 H. & J., 150; *Citizens' Bank vs. Howell*, 8 Md., 530; *Baldwin vs. Bank of Louisiana*, 1 Lou. Ann. R., 13; *Frazier vs. Gas Light and Banking Co.*, 2 Rob., 294; *Bank of Washington vs. Triplett*, 1 Peters, 25; Parsons on Merc. Law, 144. The cases opposed to this doctrine, are chiefly found in the New York reports, and are based whol-

ly upon the decision of the court of errors in *Allen vs. Merchants' Exchange Bank*, 22 Wend, 215, which (counsel insisted) is at variance with the law, as settled in other states. 2. An agent is not ordinarily responsible for the negligence or misconduct of a sub-agent, where the employment of the latter is authorized by the principal, either expressly or impliedly, or by the usage of trade, if he has used reasonable diligence in his choice, as to the skill and ability of the sub-agent. Story on Agency, 201–2. And if there is a known usage of trade, or mode of transacting business applicable to the particular agency, it will be the duty of the agent to conform to it. The usual mode of protesting paper, is to place it in the hands of a notary, as the express company did in this case, and if the appellants had been attending to the matter in person, they would doubtless have pursued that course. "Notaries are officers appointed by the state; confidence is placed in them by the government. This may be evidence sufficient to justify an agent in committing business to them relating to their office, although in point of fact it may subsequently appear that they did not possess the necessary qualifications." *Smedes vs. Utica Bank*, 20 John., 383.

<em>June Term, 1860.</em>

Stacy et al.<br/>v.<br/>Dane County Bank.

*By the Court*, PAINE, J. The respondent received from the appellants, for collection, a note against parties residing in Stoughton, about twenty miles distant from Madison, where the bank is located. It was placed by the bank, in due time, in the hands of the American Express Company, a part of whose business was to collect commercial paper, and was taken by it to Stoughton, and delivered to a notary public, who presented and protested it on the second day of grace, whereby the indorser was discharged, and the debt lost. This suit is now brought against the bank to recover its amount.

November 19.

The theory of the plaintiffs is, that the bank, having received the note for collection, was bound to make due presentment, and give due notice to the indorser, and that it was responsible for the negligence or incapacity of any sub-agents whom it employed for this purpose. The bank, on

the other hand, contends that the contract implied by the reception of the note against a party residing at a distance from its place of business, was not absolutely to make due presentment and give due notice, but to place the note in the hands of some competent and responsible agent, doing business at the residence of the maker, and that having done this, it is itself discharged from liability. This view was sustained by the court below, and we think is sustained by the authorities. *Fabens vs. Mercantile Bank*, 23 Pick., 330; *Dorchester Bank vs. N. E. Bank*, 1 Cush., 77; *Warren vs. Suffolk Bank*, 10 id., 582 ; *East Haddam Bank vs. Scovil*, 12 Conn., 303; *Agricultural Bank vs. Commercial Bank*, 7 S. & M., 592; *Citizens' Bank vs. Howell and others*, 8 Md., 530; *Hyde vs. Planters' Bank*, 17 La., 560; 2 Rob. (La.), 294; *Bellemire vs. Bank of U. S.*, 4 Whart., 105. These cases, and others which might be cited, fully establish the rule, that, upon facts like those here presented, there is an implied authority to employ a sub-agent, and that if the bank exercises reasonable care and skill in selecting one, it is not afterwards liable for his default.

A different rule has prevailed in New York; though it was there first decided by the supreme court in accordance with the rule as above stated. 15 Wend., 482. That decision was, however, overruled by the court of errors, 22 Wend., 215, which has been subsequently followed in that state. It is placed, however, expressly on the ground of the authority of that case, which is impliedly admitted to be in conflict with the commercial rule, as settled in other states. See *Montgomery County Bank vs. Albany City Bank*, 3 Seld., 463. And the reasoning of the New York courts has not induced the courts of other states to change their decisions. See case cited from 1 Cushing.

The testimony in the case showed that there was no bank at Stoughton; that the express company did business and had an office there ; and that it was responsible, and was a prompt and reliable collecting agent. We think, upon these facts, the bank discharged its duty by placing the note in the hands of the express company.

The authorities cited also sustain the position that it would

be a good defense, to show that the note was in due season delivered to a notary public at the residence of the maker, for presentment and protest. This is placed upon the ground that those officers are appointed by public authority, and that therefore, at least in the absence of any direct notice to the contrary, parties have a right to assume that they are fit and proper agents to discharge the duties of their office. So that if the express company were to be regarded solely as the agent of the bank to transmit the paper, the bank would still show a good defense, by proving that the note was placed in the hands of a notary at Stoughton, in due time to make proper presentment and protest.

These conclusions dispose of the exceptions taken.

The judgment is affirmed, with costs.