## PLYMOUTH COUNTY BANK V. GILMAN.

1. A motion to strike out appellant's bill of exceptions and all the evidence contained in his abstract, because the particular errors relied upon are not specified in the bill of exceptions, cannot be considered, the question not being raised in an additional abstract.

2. Evidence of a lawyer's negligence in collecting a note transmitted to him for professional attention is not evidence that he was not a lawyer of reputed learning and ability, so as to render the person sending the note to the lawyer negligent in employing him. .

3. A bank with whom notes secured by a mortgage on land in another state are left as collateral, without any express agreement on the part of the bank to collect the collateral notes when due, is not liable for the negligence of the lawyer employed by it to collect the notes, provided it selected an attorney having the reputation of being competent and reliable.

(Opinion filed Oct. 17, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action upon promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*C. S. Palmer*, for appellant.

The plaintiff bank when it took the collateral notes and mortgage securing the same, became the trustee of Gilman and subject to all the duties and responsibilities of a trustee, and was bound to so conduct itself in regard to such collateral as by no fault of omission or commission to prejudice the legal rights of the debtor from whom they were received. Roberts v. Thompson, 14 Oh. St. 1; Jenison v. Parker, 7 Mich. 355; Selvin v. Morrow, 4 Ind. 425; Union Trust Co. v. Reyden, 93 93 Ill. 458; Cutting v. Marlow, 78 N. Y. 454. It was error for the trial court to instruct the jury that if the bank placed the collateral in the hands of reputable attorneys for collection, that was the extent of the legal responsibility resting upon them. Bank v. Gilman, 6 Dak. 304; Lyon v. Brink, 12 Seargt. & R. 61; Bank v. Smith, 62 Pa. St. 47; Bank v. Graham, 79 Pa. St. 106; Minehead v. Kirkpatrick, 21 Pa. St. 237; Westphal v. Ludlow, 2 McCrary 505; Mfg. Co. v. Delwiler, 2 Pac. 511; Lambertson v. Windom, 12 Minn. 151, 232.

*A. B. Kittredge*, for respondent.

The bill of exceptions and all the evidence in the case should be stricken from the record, because the bill of exceptions fails to specify the particular grounds upon which appellant relies. Chandler v. Kennedy, 65 N. W. 439. The trial court did not err in its charge to the jury. Bank v. Bank, 1 Cush. 177; Fabens v. Bank, 23 Pick. 330; Guelich v. Bank, 56 Ia. 434; Bank v. Goodman, 109 Pa. St. 422; Bellemire v. Bank, 4 Whart. 105; Lawrence v. Bank, 6 Conn. 521; Bank v. Scovil, 12 Conn. 303; Ins. Co. v. Bank, 25 Ill. 243; Stacy v. Bank, 12 Wis. 629; Jackson v. Bank, 6 Har. & J. (Md.) 146; Bank v. Howell, 8 Md. 530; Tierman v. Bank, 7 How. (Miss.) 648; Bank v. Bank, 7 Sm. & M. (Miss.) 592; Bowling v. Arthur, 34 Miss. 41: Bank v. Bank, 61 Miss. 112; Daley v. Bank, 56 Mo. 94; Bank v. Bank, 8 Baxt. (Tenn.) 101; Bank v. Martin, 1 La. Ann. 344; Story on Agency 190; Parley on Agency 9, 45;

Baldwin v. Bank, 1 La. Ann. 13; Livermore v. Aguace, 1 La. 354; Hyde v. Bank, 17 La. 566; Frazier v. Bank, 2 Robinson, 296; Bank v. Page, 44 N. Y. 453.

FULLER, J. The defendant, for a complete defense and counterclaim to this action, upon his overdue promissory note for $412, executed and delivered to plaintiff on the 18th day of January, 1875, alleged in his answer, and introduced evidence for the purpose of proving, damages sustained largely in excess of plaintiff's claim, on account of the negligence of plaintiff in failing and neglecting to enforce the collection of certain secured notes owned by the defendant, and indorsed over to, and left with, plaintiff for collection and collateral security. This appeal is by the defendant from a judgment entered upon a verdict in favor of plaintiff for the full amount remaining unpaid upon the principal note, according to its terms, and from an order overruling a motion for a new trial.

The question not being raised in the additional abstract, respondent's motion to strike out appellant's bill of exceptions and all the evidence contained in his abstract, because the particular errors relied upon are not specified in said bill of exceptions, cannot be considered, for the reasons stated in Peart v. Railway Co., on appeal from the taxation of costs, decided at this term, and reported in 67 N. W., at page 837. Concerning these collateral notes, aggregating $1,150, left with respondent when the note in suit was executed, appellant testified, in effect, that it was agreed between himself and respondent's cashier that in consideration of a collection fee agreed upon, the bank would proceed at once to collect said collateral notes, one of which was at the time past due, and apply the proceeds, so far as necessary, to the satisfaction of the $412 note, and pay the balance over to appellant. Respondent's cashier, with whom the business was transacted, testified that the notes in question were merely transferred to the bank to secure the payment of appellant's $412 note, and that nothing

was said about their collection, and no agreement was ever made concerning a collection fee. Under the court's charge, the jury, by its general verdict, found, upon this conflicting testimony, that the secured notes in question were deposited merely as collateral security, without any express agreement as to their collection; and in this respect the case is materially different from that disclosed by the record of the same case on a former appeal to the territorial court, where it was clearly shown, by the undisputed evidence, that an express contract was entered into between the parties to the action, by which the bank agreed to collect the notes for 10 per cent., and turn the proceeds over to defendant, Gilman, after deducting said collection fee and the amount due upon the $412 note, including interest, according to its terms. Furthermore, we find from an examination of the abstract used on that appeal, that there was testimony introduced tending to establish the utmost good faith and prudence on the part of the bank's officers in the selection of suitable and competent attorneys to enforce the collection, which, of necessity must be intrusted by plaintiff, a nonresident corporation, to some one residing in this state where the mortgaged premises were situated. The case, as then made, involved the question of the liability of one who has, for a valuable consideration, undertaken by an express contract to collect collateral notes, and turn the proceeds over to the owner, after deducting the amount secured thereby, together with a stipulated fee for collection; and, although the notes were placed in the hands of reputable attorneys for collection, the court held that in view of the existence of an express agreement to collect, and evidence tending to show a loss of the security by the negligence of attorneys, it was error to direct a verdict in favor of plaintiff. Bank v. Gilman, 6. Dak. 304, 50 N. W. 194. From the evidence introduced by appellant, and the admissions of respondent in its reply, it appears that a proceeding to foreclose the mortgage by which the collateral notes were at the time amply secured was instituted at the in-

stance of respondent, in the month of August, 1875; and that, owing to the carelessness or inability of the attorney to whom the business was intrusted, it became necessary to obtain an order vacating and setting aside, as invalid, the decree of foreclosure obtained in that action; and that no sale of the property, under a valid foreclosure, was had until the 17th day of October, 1881, when the property was sold on execution for but $21 in excess of the legitimate costs and expenses of foreclosure.

In the present case appellant introduced no evidence tending to support the allegations of negligence contained in his answer, and solely relied upon as a defense to the action, unless the attorney's failure to conduct a foreclosure suit in an orderly manner may be attributed to some act or omission on the part of respondent. Proof of an attorney's negligence occurring subsequently to the receipt of business transmitted to him for professional attention is no evidence that he was not formerly a lawyer of reputed learning and ability; and in this case there is no evidence to support an inference that respondent, a nonresident, without actual knowledge, was in any manner negligent or unjustified in placing confidence in the attorney selected, who was presumed to be reputable, in the absence of anything to the contrary. As the record stood, it was not error to instruct the jury that "the bank would fulfill its requirement of reasonable diligence if it placed these notes fairly, honorably and judiciously in the hands of reputable attorneys to collect, and they would not be responsible for any neglect of those attorneys, but responsible merely for their right and proper conduct and judicious management in the selection of those attorneys." Although the decisions are conflicting, we believe the true rule to be that where notes collectible through the agency of attorneys only, and by the foreclosure of a mortgage upon property at a distant point, are deposited in a bank as collateral security, with no instructions or express arrangement as to their collection, transmission, or proceedings to en

force payment, the implied duty of the bank is discharged if such notes are duly forwarded to an attorney at law having the reputation of being competent and reliable, with the direction that a foreclosure suit be instituted, and the property be subjected to the payment of the amount due, according to the terms of said notes and mortgage, given to secure the same. Bank of Louisville v. First Nat. Bank of Knoxville, 8 Baxt. 101; Guelick v. Bank (Iowa) 9 N. W. 328; Fabens v. Bank, 23 Pick. 330; Aetna Ins. Co. v. Alton City Bank, 25 Ill. 243; Bank v. Scovil, 12 Conn. 302.

Relying upon these collateral notes as security, the bank loaned its money to appellant, who was charged with a knowledge that, in case of default either on his part or on the part of the makers of such notes, a foreclosure of the mortgage given to secure such collaterals would require services which must be rendered by a non-resident attorney at law personally unknown to the bank, and in no manner connected with that institution; and to hold it liable for more than a reasonable exercise of care and prudence in the selection of attorneys of good repute would, without an adequate consideration, subject respondent to all the liability of a collection agency which advertises and undertakes, as a matter of express contract, to collect in distant places, through its own agents and attorneys there located, but as truly its representatives as the officials in charge of the home office. The amount due upon a promissory note dated Natchez, Miss., and transmitted by the payee from Illinois to a bank at that point for collection was lost by reason of the failure of a notary public, in whose hands the same was placed by the bank for presentment, demand, and notice to endorsers; and it was held in a suit against the bank (Britton v. Niccolls, 104 U. S. 757) that the latter was not liable for the manner in which the notary public performed his duties. That the court looks with disfavor upon descisions that have enunciated a contrary doctrine is very evident from the language employed by Mr. Justice FIELD, who,

in delivering the opinion of the court, ably reviews numerous adjudications, and concerning the notary, observes that "he was a public officer, whose duties were prescribed by law; and, when the notes were placed in his hands, in order that such steps should be taken by him as would bind the endorsers if the notes were not paid, he became the agent of the holder of the notes. For any failure on his part to perform his whole duty he alone was liable. The bankers were no more liable than they would have been for the unskillfulness of a lawyer of reputed ability and learning, to whom they might have handed the notes for collection, in the conduct of a suit brought upon them." To the effect, that a bank receiving a note as collateral security or for collection, which must be transmitted to a distant place, has performed its entire duty when a reputable agent or attorney has been selected for the purpose of making or enforcing collection, see Fabens v. Bank, 23 Pick. 330; Bank v. Hageman, 31 Kan. 599, 3 Pac. 324; Stacy v. Bank, 12 Wis. 629; Daly v. Bank, 56 Mo. 94; Darling v. Stanwood, 14 Allen, 504; Bank v. Triplett, 1 Pet. 25 (MARSHALL, C. J., delivering the opinion of the court). A careful review of all the cases by Mr. Morse in his treatise on the Law of Banks and Banking is concluded in part as follows: "Now, in the case of collection, the usage to forward to a subagent is well established, and the parties must be presumed to contract in reference to it. The customer expects, or ought to expect, that the bank will pursue the ordinary course of business in such matters. This usual course is well known to be simply the transmission to another agent in good repute, and this is all the bank or the customer can be supposed to contemplate as that duty of which the accurate performance is guaranteed by the corporation. Ordinarily, when there is any commission paid for collection, it is a very small one. * * * Such considerations may well be regarded as sufficient for the mere task of transmission; but it is impossible that they should be sufficient to sustain an agreement to be further responsible for the solvency and good

conduct and thorough performance of their duties on behalf of all subsequent banks and notaries, or other agents whom it may be necessary to employ. Such an insurance would call for a high premium. It is incredible to suppose that the bank, for a very small possible remuneration, much more for a wholly contingent return in any shape, assumes so great a risk." 1 Morse, Banks, 275.

That appellant was injured by the negligence of respondent, occasioned by a tardy foreclosure of the mortgage given to secure the collateral notes, was the theory of the defense; and, in mitigation of damages, respondent was very properly permitted to introduce in evidence certain deeds, by which the mortgaged premises were, together with other real property contiguous thereto, conveyed to appellant, before a foreclosure of the mortgage could have been completed by the exercise of ordinary care and vigilance upon the part of the attorney to whom the business was intrusted. The court did not err in denying appellant's application to open and close the argument to the jury. Comp. Laws, § 5047.

While every assignment of error has received regardful attention, the view we have taken renders unnecessary a consideration of other questions discussed in the briefs of counsel. The judgment appealed from is affirmed.