### FIRST NAT. BANK OF DENVER v. FEDERAL RESERVE BANK OF KANSAS CITY, MO.

(District Court, D. Colorado. August 16, 1922.)

Banks and banking ⬳175(½)—Payee, who deposited checks with one bank, could not sue other bank, with which first bank deposited them for collection.

Payee, who deposited checks with one bank, had no cause of action against other bank, with which they were deposited in the usual course of business for collection; the payee and such other bank being strangers.

At Law. Action by the First National Bank of Denver against the Federal Reserve Bank of Kansas City, Mo. On demurrer to complaint. Demurrer sustained, with leave to amend.

Hughes & Dorsey, Benedict & Phelps, and E. I. Thayer, all of Denver, Colo., for plaintiff.

Lewis & Grant and B. M. Malone, all of Denver, Colo., for defendant.

SYMES, District Judge. Several interesting questions were discussed by counsel at the hearing on the demurrer to the complaint;

but no useful purpose would be served at this time by an expression of opinion thereon.

The Hallack & Howard Lumber Company deposited with the plaintiff several checks payable to it, drawn on the State Bank of Ordway, Colo. The plaintiff, in the usual course of business, deposited them with the defendant bank for collection, and the latter in turn, forwarded them direct to the drawee bank for collection. The latter, after debiting the account of its customer, the drawer of the checks, and returning the canceled checks to him, drew a draft on a third bank in payment thereof, and forwarded it to the plaintiff, but before this draft was collected the Ordway bank was closed, and the draft not paid. It is specifically alleged that prior to the commencement of the action the Hallack & Howard Lumber Company assigned all its right, title, and interest in the checks to the plaintiff. There is no allegation that the plaintiff has paid out any money in the course of the transaction, or has itself suffered any loss. Whatever right of action it has, therefore, is solely as assignee.

The Hallack & Howard Lumber Company and the defendant, the Federal Reserve Bank of Kansas City (Denver Branch), which was selected by the plaintiff as a subagent to make the collection, are entire strangers, and the former, according to the rule of the federal courts and the courts of Colorado, has no right of action against the defendant. See Hoover v. Wise, 91 U. S. 308, 23 L. Ed. 392; Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722; Taylor Bournique v. National Bank of Ashtabula, 262 Fed. 168; First National Bank of Denver v. Manhattan Life Insurance Co., 21 Colo. App. 256, 120 Pac. 1112; and Manhattan Life Ins. Co. v. First Nat. Bank of Denver, 20 Colo. App. 529, 80 Pac. 467. The assignor having no right of action, its assignee can be in no better position.

The demurrer will be sustained. Plaintiff may have 10 days to amend, in default of which the bill will be dismissed.