## CITY OF DOUGLAS, ARIZ., v. FEDERAL RESERVE BANK OF DALLAS.

(District Court, W. D. Texas, El Paso Division. July 28, 1924.)

### No. 847.

1. **Banks and banking ⚖️175(½)—Depositor of check in bank for collection cannot maintain action against correspondent bank for negligence.**

   Under the rule of the federal courts a bank in which a check is deposited for collection is alone responsible to the depositor, and the depositor cannot maintain an action directly against a correspondent bank to which it is forwarded for collection for negligence in failing to collect it.

2. **Courts ⚖️372(1)—Federal courts do not follow state decisions on questions of commercial law.**

   On a question of general or commercial law, such as the liability of a bank accepting commercial paper for collection, the federal courts are not bound by decisions of the courts of the state in which the contract was made or to be performed, but must, on their independent judgment, determine the question of liability, by reference to all the authorities.

3. **Banks and banking ⚖️156—Notation on depositor's passbook held not to affect liability of bank as agent for collection of checks deposited.**

   A statement, printed on the passbook of a depositor, that "all out of town items credited subject to final payment," held not to add anything to the implied rule, not to affect the liability of the bank to the depositor as agent for the collection of outside checks deposited for credit.

At Law. Action by the City of Douglas, Ariz., against the Federal Reserve Bank of Dallas. Judgment for defendant.

Knapp, Boyle & Pickett, of Douglas, Ariz., and Whitaker & Peticolas, of El Paso, Tex., for plaintiff.

E. B. Stroud, Jr., of Dallas, Tex., and Turney, Burges, Culwell, Holliday & Pollard, of El Paso, Tex., for defendant.

SMITH, District Judge. This is an action at law, brought by the city of Douglas, Ariz., a municipal corporation, against the Federal Reserve Bank of Dallas, to recover $5,000 alleged to be the amount of a check drawn by the county treasurer of Cochise county, Ariz., to the order of said city, upon the Central Bank of Willcox, Ariz. The check was drawn on December 22, 1920, and was delivered to the city of Douglas on December 24, 1920, at which times, and at all times up to December 31, 1920, the treasurer of Cochise county had on deposit in the Central Bank of Willcox sufficient funds to meet said check.

On December 24, 1920, the check was properly indorsed by the city of Douglas and deposited with the First National Bank of Douglas, Ariz., for collection and credit. The full amount of the check was by said bank entered as a credit in a pass or deposit book and delivered to the city of Douglas, on which passbook there was a printed indorsement as follows: "All out of town items credited subject to final pay-

ment." There was no other contract or agreement made between the city of Douglas and the said First National Bank of Douglas than such as arose impliedly from the acceptance by said bank of said check for collection, and there was no statute of the state of Arizona upon the subject which entered into or changed or modified said contract in any respect.

The First National Bank of Douglas was a member of the Federal Reserve banking system created by Congress. Said bank immediately transmitted said check by mail to the El Paso Branch of the Federal Reserve Bank of Dallas for collection. It was received by said Branch Bank on December 27, 1920, and was by it forwarded direct to the Central Bank of Willcox for payment, reaching said drawee bank on December 30, 1920. Thereupon the Central Bank of Willcox charged the county treasurer of Cochise county with the amount of the check, and in payment therefor issued and mailed to said El Paso Branch Bank, instead of cash, its cashier's check, drawn on the Central Bank of Phœnix, Ariz., for the sum of $6,426.17, which included some small items other than said $5,000 check.

Upon receipt of said cashier's check the El Paso Branch Bank forwarded same to the Branch Bank at Los Angeles of the Federal Reserve Bank of San Francisco for collection. On January 5, 1921, said Los Angeles Branch Bank forwarded said cashier's check direct to the Central Bank of Phœnix, drawee, for payment, reaching said bank on January 8, 1921, and was on said date protested for nonpayment because of the want of sufficient funds of the Central Bank of Willcox with the Central Bank of Phœnix to cover the check. On January 10, 1921, both of these last-named banks, being insolvent, closed their doors and ceased to do business. Thereupon the El Paso Branch Bank charged the First National Bank of Douglas with the amount of said $5,000 original check, and in turn the First National Bank charged it to the account of the city of Douglas and credited the amount thereof to the defendant.

[1] It is charged by the city of Douglas, the plaintiff herein, that the El Paso Branch of the Federal Reserve Bank of Dallas, defendant herein, was negligent in sending the check direct to the drawee, the Central Bank of Willcox, and in accepting its cashier's check in payment thereof, instead of cash. In view of the conclusion I have reached, it is necessary that I consider and discuss but one question, and that is: Can this action be maintained by the plaintiff, the city of Douglas, against the Federal Reserve Bank of Dallas? Stating the question in another form: Is the First National Bank of Douglas, with which the check was deposited by the city of Douglas for collection, alone responsible to the city, or is the Federal Reserve Bank of Dallas, to which the check was forwarded for collection by the initial bank of deposit, directly liable to the city of Douglas?

Upon this question the state decisions are in conflict beyond the possibility of reconciliation. Some of the states, following the "New York rule," so called, have held that the initial bank alone is responsible to the owner, and that there is no direct liability to the owner on the part of the correspondent bank. On the other hand, many of the states, following the "Massachusetts rule," so called, have held exactly the

contrary, viz. that the initial bank, by the mere fact of deposit for collection, is authorized to employ subagents, who thereupon become the agents of the owner and directly responsible to him for their defaults. Our Supreme Court, after reviewing these two lines of decisions, approved the "New York rule." Exchange National Bank v. Third National Bank, 122 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722. And this decision has been followed by the inferior federal courts without exception, so far as I have been able to ascertain. Taylor & Bourinque Co. v. National Bank of Ashtabula (D. C.) 262 Fed. 168; First National Bank of Denver v. Federal Reserve Bank of Kansas City, Mo. (D. C.) 283 Fed. 700.

It is recognized, of course, that this rule may be varied or changed by contract, express or implied. For instance, it was held in Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 Sup. Ct. 296, that a Florida statute controlled the relations of the drawee to the initial bank of deposit with reference to which it was presumed they dealt with each other. In that case the deposit for collection was made in the state of Florida, and the court held that this statute "had the effect of importing the Massachusetts rule into the contract, with the result that the initial bank had implied authority to intrust the collection of the check to a subagent, and that subagent in turn to another, and the risk of any default or neglect on their part rested upon the owners." I think that the inference is clear that, in the absence of the Florida statute, the court would have applied and enforced the New York rule in that case, and that there can be no doubt that the New York rule still prevails in the federal courts.

In Texas the Massachusetts rule is now the settled rule of decision. In Arizona the court of last resort has not passed upon the question. Neither in Texas nor in Arizona is there any legislation affecting the question. However, as I view the question under consideration in this case, whatever may be the rule of decision in Texas or Arizona, the federal court should apply its own rule—the New York rule—inasmuch as the question to be decided is one of general commercial law, and not the construction or application of any state statute. Even had the Massachusetts rule been established by the courts of Arizona, where the contract was made, the New York rule would still be the rule of decision in this court.

[2] On a question of general or commercial law, such as the liability of a bank accepting for collection commercial paper, the federal courts are not bound by decisions of the state in which the contract was made or to be performed; but they must upon their independent judgment determine the question of liability by reference to all the authorities. Swift v. Tyson, 16 Pet. (U. S.) 1, 10 L. Ed. 865; B. & O. Ry. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Taylor & Bourinque Co. v. National Bank of Ashtabula (D. C.) 262 Fed. 168; Spokane & Eastern Trust Co. v. United States Steel Products Co. (C. C. A.) 290 Fed. 884; St. Nicholas Bank v. State National Bank, 128 N. Y. 26, 27 N. E. 849, 13 L. R. A. 241; Faulkner v. Hart, 82 N. Y. 413, 37 Am. Rep. 574; Liverpool & G. W. S. Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788. This our

Supreme Court has done in the determination of this question, and the rule laid down by it must be followed by this and all other inferior federal courts. And under this rule there is no liability on the part of the Federal Reserve Bank of Dallas, defendant, to the plaintiff, the city of Douglas.

[3] Counsel for plaintiff contends that the contract for collection of the check was not of the ordinary type, but was varied by the special stipulation printed on the pass or deposit book in which the credit entry was made; that said special stipulation had the effect of importing the Massachusetts rule into the contract. I do not think this contention sound. This stipulation added nothing to the contract and did not take anything from it. Checks taken for collection and credited are always, in the absence of special agreement, subject to final payment.

From what has been said, it follows that I am of opinion judgment should be rendered for defendant; and it is so ordered.