## THE FOURTH & CENTRAL TRUST CO. ET AL. *v.* AKER BROTHERS.

(Decided March 30, 1931.)

*Mr. Wm. J. Rielly,* for plaintiff in error the Fourth & Central Trust Company.

*Mr. D. T. Hackett,* for plaintiffs in error John and Joseph Queiroli.

*Messrs. Waite, Schindel & Bayless* and *Mr. Herbert Shaffer,* for defendant in error.

HAMILTON, J. This case is here on error to the overruling of a demurrer to the petition of Aker Brothers, plaintiff below.

The case was tried on the pleadings in the court of common pleas, resulting in a judgment for the plaintiff.

There is no bill of exceptions in the case, and the first question here for consideration is the demurrer

of the Fourth & Central Trust Company, that the petition does not state a cause of action against it. To consider the question, it is necessary to set forth the petition, as follows:

"Aker Brothers is a corporation duly organized and existing under the laws of the State of Indiana, and is and was at the times hereinafter mentioned engaged in the business of growing, shipping and dealing in onions at Columbia City, in said State.

"The Fourth & Central Trust Company is a corporation duly organized and existing under the laws of the State of Ohio, and is and was at the times hereinafter mentioned engaged in the banking and trust business, with principal offices at Cincinnati, Ohio.

"On or about August 27th, 1924, plaintiff delivered to the Pennsylvania Railroad Company at Columbia City, Indiana, two hundred fifty (250) bags of white onions valued at Five Hundred ($500) Dollars, to be shipped to Cincinnati, consigned to order of Aker Brothers, notify Queirola Fruit Company of Cincinnati, Ohio, and said railroad company issued an order bill of lading for said shipment. Plaintiff drew a draft on the Queirola Fruit Company payable at sight to the Provident Trust Company of Columbia City, Indiana, in the sum of Five Hundred ($500) Dollars and attached said bill of lading to said draft. Both draft and bill of lading were sent to the Union Trust Company, Chicago, Illinois, for collection, and forwarded by said Trust Company to the defendant, The Fourth & Central Trust Company for collection, whose duty it was to collect the proceeds of said draft from the Queirola Fruit Com-

pany and then deliver said bill of lading, but not to deliver it until such payment was made.

"Defendant carelessly, negligently, and in violation of its duty, surrendered said bill of lading to the Queirola Fruit Company without requiring payment of said draft, and said Queirola Fruit Company then presented said Bill of Lading to The Baltimore & Ohio Railroad Company, to which Company said shipment had been transferred, and obtained delivery thereof without paying for same, to the damage of the plaintiff in the sum of $500.00.

"Wherefore plaintiff, Aker Brothers, prays judgment against the defendant, The Fourth & Central Trust Company, in the sum of $500.00 with interest thereon from the 27th day of May, 1924, and costs herein incurred."

The contention of the trust company is that in substance the petition presents an action for breach of contract, and that the breach, if any, was caused by the negligent acts of the trust company in failing to make collection of the draft attached to the bill of lading.

Counsel for defendant in error, Aker Brothers, argue against the demurrer that the action is in tort for the wrongful conversion of the onions. The trust company, in support of its proposition that the petition does not state a cause of action against it, relies largely on the cases of *Reeves, Stephens & Co.* v. *State Bank of Ohio,* 8 Ohio St., 465, and *Taylor & Bournique Co.* v. *National Bank of Ashtabula,* 65 Wkly. Law Bul., 147, 18 O. L. R., 170, 262 F., 168, a decision by the United States District Court at Cleveland.

The first paragraph of the syllabus in the case of

*Reeves, Stephens & Co.* v. *Bank, supra,* is: "Where a bank in this state receives for collection a draft payable in New York, and for the same purpose forwards the draft to its correspondent in New York, the bank here is responsible to the owner for the conduct of such correspondent, and for the proceeds of the draft, immediately upon its collection by such correspondent. Such correspondent is the agent of the bank here, and not the subagent of the owner of the draft; and payment to the agent is payment to the bank, unless there was some agreement or authority between the owner and the bank beyond the mere fact of the draft being received for collection."

In line with this pronouncement of law is the syllabus in the case of *Taylor & Bournique Co.* v. *National Bank, supra,* which is:

"1. A bank taking negotiable paper in one state for collection in another state is liable to the owner for loss growing out of neglect of duty occurring in the collection, whether from default of its own officers or employees or of its correspondents or agents in such other state, without regard to the law either of the state of the residence of the owner or of the collecting bank.

"2. In case of loss because of negligence on the part of a bank to which paper was forwarded for collection, the right of action by the owner is against the bank with which he made his contract for collection, and not against the bank or banks to which the paper was forwarded."

The other authorities cited in the brief of counsel for the trust company are in line with these rulings. However, these cases all go to the question of breach

of contract by the negligent act of the bank in making the collection. If this action was for breach of contract, Aker Brothers would have no action against the trust company, but would have to proceed against its own agent, the Provident Trust Company of Columbia City, Indiana, since no privity of contract exists between Aker Brothers and the trust company, the collecting bank. But that is not the case here.

A fair interpretation of the petition is that the action is based upon wrongful conversion of the onions, by delivering the bill of lading, the indicia of title to the onions, thereby wrongfully depriving Aker Brothers of its property.

A case like this is reported in 190 Iowa, 1112, at page 1118, 181 N. W., 486, 489, entitled *Market State Bank* v. *Farmers Savings Bank,* in which the court held the defendant bank liable as in tort, and states in the opinion: ''There is no doubt that the bill of lading representing the carload of potatoes was a subject of conversion; and that the act of defendant bank in delivering to Hulsebus the possession of the bill of lading, in violation of its instructions, and thereby permitting the car of potatoes to be removed from Ventura and out of plaintiff's possession, constituted conversion of the potatoes of which the bill of lading was the symbol.''

Many cases are cited in support of that proposition. We are of opinion that this is sound law.

In the case under consideration, the defendant trust company, in violation of its instructions, delivered the bill of lading, the indicia of title, to Queiroli Brothers Fruit Company, thereby permitting the car of onions to be taken out of the plain-

tiff's possession, resulting in a complete loss of its property. This was a conversion of the onions on the part of the defendant trust company, and it is liable in tort for the market value of the property.

It is argued that the court erred in making the Queiroli Fruit Company a party to the action, and in overruling the fruit company's motion to be dismissed from the action.

It is argued that the judgment holding the Queiroli Fruit Company primarily liable for the damage, and the trust company surety therefor, goes beyond the power of the court, and therefore the judgment should be modified.

Finding as we do that the action is in tort, and no relief is asked against the fruit company in the petition, it follows that the fruit company was not a proper party, and that the trial court erred in overruling its motion to be dismissed from the case.

The judgment in effect undertakes to bring into the case a tort-feasor, and to then make such tort-feasor primarily liable for the tort, and the tort-feasor against whom the suit is brought a surety for the damage.

The judgment will be modified, dismissing John Queiroli and Joseph Queiroli, partners doing business as the Queiroli Fruit Company, from the case, and as modified the judgment is affirmed.

*Judgment modified and affirmed.*

Ross, P. J., and CUSHING, J., concur.